IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUNCHENG KAO, | Case No. 1:25-cv-8491 |
| Plaintiff, | **COMPLAINT FOR DESIGN PATENT INFRINGEMENT** |
| v. | |
| HENGDA KITE; and ORANGE CLOUD KITE, | **JURY TRIAL DEMAND** |
| Defendants. | |

Plaintiff Juncheng Kao complains against Defendants Hengda Kite ("Hengda"); and Orange Cloud Kite ("Orange Cloud") and allege as follows:

**THE PARTIES**

1. Plaintiff Juncheng Kao is a Chinese citizen residing in China.

2. U.S. Patent No. D967,279S (the "'279 patent") entitled "Kite" was duly and legally issued by the U.S. Patent and Trademark Office on October 18, 2022. Plaintiff owns all rights, title, and interest in and to the '279 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for any infringement thereof. A true and correct copy of the '279 patent is attached as Exhibit A.

1

3. Upon information and belief, Defendant Hengda Kite is a limited company organized under the laws of China with its principal place of business located at Room 502, Unit 4, Building 4, No. 380 Yuanfei Road, Kuiwen District, Weifang City, Shandong Province, China, 261000.

4. Upon information and belief, Defendant Orange Cloud Kite is a limited company organized under the laws of China with a principal place of business located at Room 712, Building 10, Lushanglanan Mansion, No. 139 Nanjing Road, Shinan District, Qingdao City, Shandong Province, China, 266000.

5. Defendants are properly joined under 35 U.S.C. § 299(a) because Defendants, through their own acts and/or through the acts of each other Defendant acting as its representative, alter ego, or agent, make, use, sell, offer to sell, and/or import into the United States the same or materially similar accused kites such that questions of fact will arise that are common to all Defendants.

6. Upon information and belief, the accused kites are all manufactured and/or sourced from the same supplier. For example, each accused kite includes the same assembly instructions without any distinguishing brand or source indicia.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code §§ 100, et seq.

8. Subject-matter jurisdiction over Plaintiff's claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

9. This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in Illinois, including this District, at least by marketing, supplying, distributing, selling, and/or offering to sell accused puzzle boards through Amazon.com to Illinois residents. As alleged herein, Defendants have committed acts of patent infringement giving rise to this action within this District.

10. Venue is proper under 28 U.S.C. § 1391(c)(3) because none of the Defendants is a resident of the United States and therefore may be sued in any district, including this District.

**FIRST CLAIM FOR RELIEF**
**(Direct Patent Infringement)**

12. Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth here.

13. Defendants, pursuant to 35 U.S.C. § 271(a), have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, the designs protected by the '279 patent by making, using, selling, offering to sell, and/or importing into the United States the following kites and materially similar kites under different brand names and/or versions (former, current, or future):

3

| Defendant | Amazon Store Name | ASIN(s) |
|---|---|---|
| Hengda Kite | Kengda Kite | B0DGKZNGHD |
| Orange Cloud Kite | ORGCLDKT | B0CD1TF7JZ |

14. These kites are identified by Defendant seller and corresponding Amazon store name and Amazon Standard Identification Numbers ("ASINs"). The kites identified above and all materially similar kites under different brand names and/or versions (former, current, or future) are collectively referred to as the "Accused Products."

15. Upon information and belief, the Accused Products are manufactured and/or sourced from the same supplier or related suppliers and are being sold by the same seller or related sellers. For example, Defendants' amazon stores share the same look-and-feel, provide similar store, descriptions, and sell similar products. Further, the Accused Products themselves include similar product descriptions and use instructions and are being sold through the same sales channels (Amazon and Shopify).

16. The Accused Products are materially identical to the '279 patent. A side-by-side comparison between the patented design and the Accused Products is shown below.

4



17. Defendants' infringement of the '279 patent is willful. Defendants knew about the '279 patent and nevertheless copied the patented design without authorization. Defendants knew of the '279 patent before the filing of this Complaint because (i) they have long sold kite products, (ii) knew the popular kite designs on the market, including the designs patented in the '279 patent, and (iii) all the Accused Products are manufactured and/or sourced from the same supplier or related suppliers.

**SECOND CLAIM FOR RELIEF**
**(Indirect Patent Infringement)**

17. Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth herein.

18. Upon information and belief, Defendants knew of the '279 patent before the filing of this Complaint because (i) they have long sold kite products, (ii) knew the popular kite designs on the market, including the designs patented in the '279 patent, and (iii) all the Accused Products are manufactured and/or sourced from the same supplier or related suppliers.

19. Defendants, pursuant to 35 U.S.C. § 271(b), knowingly and intentionally actively induce the infringement of the patented designs as shown in the '279 patent by instructing and otherwise encouraging customers of the Accused Products to make and use the Accused Products.

## DAMAGES

25. On information and belief, 35 U.S.C. § 287(a) has been complied with at all relevant times.

26. Plaintiff has sustained damages as a direct and proximate result of Defendants' infringement of the '279 patent.

27. Because of Defendants' past infringement of the '279 patent, Plaintiff is entitled to the recovery of past damages in the form of, at a minimum, a reasonable royalty.

28. Because of Defendants' continued and future infringement of the '279 patent, Plaintiff is entitled an injunction preventing Defendants from making, using, selling, offering to sell, and/or importing into the United States the Accused Products.

In the alternative and in addition to injunctive relief, Plaintiff is entitled to royalties for any post-Complaint infringement by Defendants of the '279 patent.

29. Because Defendants' infringement of the '279 patent has been and continues to be willful, Plaintiff is entitled to treble damages.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment and grant the following reliefs against Defendants:

A. a declaration that Defendants have infringed the '279 patent literally and/or under the doctrine of equivalents;

B. damages adequate to compensate Plaintiff for Defendants' past infringement and any post-Complaint infringement, which shall be no less than a reasonable royalty, including interest, costs, and disbursements pursuant to 35 U.S.C. § 284 and, if necessary, to adequately compensate Plaintiff for Defendants' infringement,

C. an accounting of all infringing sales including sales not presented at trial;

D. an order that Defendants, their officers, directors, agents, servants, employees, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from making, using, selling, offering to sell, and/or importing into the United States the Accused Products;

7

E. treble damages based on any infringement found to be willful pursuant to 35 U.S.C. § 284;

F. a finding that this case is exceptional under 35 U.S.C. § 285 and such enhanced damages as costs and attorneys' fees;

G. pre-judgment and post-judgment interest; and

H. any such further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 23, 2025            Respectfully submitted,

By: /s/ Zheng Liu
Zheng Liu (admitted)
(650) 475-6289
Andy.Liu@aptumlaw.com

*Attorney for Plaintiff Juncheng Kao*