UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| JUNCHENG KAO,<br><br>                        Plaintiff,<br>v.<br><br>HENGDA KITE, and ORANGE CLOUD KITE,<br><br>                        Defendants. | Case No. 1:25-cv-08491<br><br>Honorable Jorge L. Alonso |

**PLAINTIFF'S MOTION TO SET BRIEFING SCHEDULE AND EXTEND THE TRO**

Plaintiff patent owner respectfully moves this Court to set a briefing schedule for

(1) Defendant's two ***last-minute identical*** Motion to Dismiss [Dkt. 25] and Motion to Vacate Temporary Restraining Order ("TRO") [Dkt. 24] on September 10, 2025, and

(2) Plaintiff's forthcoming motion for preliminary injunction, and

(3) motion to extend the TRO until the preliminary injunction hearing.

At the August 27, 2025 hearing, Defendants represented that they would

promptly challenge the TRO. Two weeks came and went, Defendants never did not file

anything until 3pm the business day before this status hearing.  Such trial-by-ambush

tactic robs the Court of the opportunity to fairly review facts and arguments when

deciding on such issues as maintaining a TRO or no.

1

**A. Defendants' last-minute motions rely on the wrong legal standard.**

As a preliminary matter, Defendants issuances that because Plaintiff did not attach the full file wrapper of the patent-in-suit to its TRO motion, Plaintiff "hid" facts from this Court. This accusation is baseless and made for the sole sake of making accusations. In fact, Defendants themselves do not even substantive rely on the file wrapper in their motion.

Substantively, Defendant's motions rely on an incorrect legal standard to determine design patent infringement. Defendants found their (1) motion to dismiss and (2) motion to dissolve TRO on the identical legal theory that the wingtip, the tail, and the crossbar of their kites—when *viewed in isolation*—look different from the corresponding parts shown in the patented design.

Comparing individual parts of two designs in isolation to determine infringement, however, has been consistently rejected by the Federal Circuit, as well as courts in this District. Instead, the accused product must be compared to a patented design, *as a whole*. A few months ago, Honorable Sarah Ellis presided in a similar design patent case and summarized the legal standard as follows:

> **The Court analyzes the claimed design as a whole, not "separate elements in isolation."** *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015). Finally, it takes into account the prior art when considering the differences between the designs. *ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Schedule A*, 52 F.4th 934, 942 (Fed. Cir. 2022).
>
> (*Dyson Tech. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 24 C 6170, 2025 LX 135944 (N.D. Ill. Mar. 12, 2025))

Thus, on this basis alone, Defendant's motion to dissolve TRO and its motion to dismiss should be denied. In fact, as shown below, the accused products, when viewed as a whole, look highly similar to Plaintiff's patented design.



| Plaintiff's Patented Design | Infringing Products | Defendants' Aliases |
|---|---|---|
| | | Hengda Kite |
| | | Orange Cloud Kite |

**B. Defendants' motion to dismiss relies on alleged facts outside the complaint.**

"The purpose of a motion to dismiss is to test the sufficiency of the complaint under the applicable pleading standard, not to decide the merits of the challenged claims. The submission of facts outside the allegations of the complaint is improper under Fed. R. Civ. P. 12(b)(6)." *Krause v. Turnberry Country*

*Club*, 571 F. Supp. 2d 851 (N.D. Ill. 2008)

Here, in addition to applying the wrong legal standard (viewing parts of a design in isolation rather than comparing the designs as a whole), Defendants rely on various alleged user reviews, photos, and text outside the complaint—and without any evidentiary foundation. Thus, Defendants' motion to dismiss should be denied.

**C. A briefing schedule should be set to fully brief the Court regarding Defendants' suspect motions.**

As shown, a preliminary review shows that Defendant's motion to dissolve TRO and motion to dismiss lack merit. Given the difficulties manufactured by Defendants' last-minute filings, Plaintiff respectfully proposes the following briefing schedule:

1. Plaintiff shall file any opposition to Defendants' Motion to Dismiss or Motion to Vacate TRO by September 16, 2025.

2. Plaintiff shall file his Motion for Preliminary Injunction after the Court rules on Defendants' Motion to Dismiss or Motion to Vacate TRO.

3. Defendants shall file their opposition to Plaintiff's Motion for Preliminary Injunction one week later.

In addition, Plaintiff respectfully requests that the TRO issued on August 15, 2025 (and extended on August 27, 2025) remain in effect until the Court rules on Defendants'

Motion to Dismiss or Motion to Vacate TRO. Absent this extension, Defendants' last-minute motions would deprive Plaintiff of the opportunity to seek preliminary injunctive relief.

Date: September 10, 2025                                    Respectfully submitted,

—

Zheng "Andy" Liu (CA # 279327)
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Plaintiff Juncheng Kao*

5