IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Juncheng Kao, | Case No.: 25-cv-08491 |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DESIGN PATENT INFRINGEMENT** |
| v. | |
| Weifang Hengda Kite Manufacturing Co., Ltd. (d.b.a. Hengda Kite) | JURY TRIAL DEMAND |
| Defendant. | |

Plaintiff Juncheng Kao complains against Defendant Weifang Hengda Kite

Manufacturing Co., Ltd. (d.b.a. Hengda Kite) and allege as follows:

## THE DESIGN PATENT INFRINGEMENT

1.      A side-by-side comparison between Plaintiff's patented design and

Defendant Hengda Kite's product (front and back sides) is shown below.

| '279 Patent | Hengda Kite |
|:---:|:---:|



**THE PARTIES**

2.       Plaintiff Juncheng Kao is a Chinese citizen residing in China.

3.       U.S. Patent No. D967,279S (the "'279 patent") entitled "Kite" was duly and legally issued by the U.S. Patent and Trademark Office on October 18, 2022.  Plaintiff owns all rights, title, and interest in and to the '279 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for any infringement thereof.  A true and correct copy of the '279 patent is attached as Exhibit A.

4.       Defendant Hengda Kite is a limited company organized under the laws of China with its principal place of business located at Room 502, Unit 4, Building 4, No. 380 Yuanfei Road, Kuiwen District, Weifang City, Shandong Province, China, 261000.

**JURISDICTION AND VENUE**

5.       This is a design patent infringement case arising under the Patent Laws of the United States of America, Title 35, United States Code §§ 100, *et seq.*

6.       Subject-matter jurisdiction over Plaintiff's claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

7.       This Court has personal jurisdiction over Defendants because Defendant Hengda Kite regularly conducts business in Illinois, including this District, at least by marketing, supplying, distributing, selling, and/or offering to sell accused puzzle

boards through Amazon.com to Illinois residents.  As alleged herein, Defendant

Hengda Kite has committed acts of patent infringement giving rise to this action within

this District.

8.     This Court has personal jurisdiction over Defendant Hengda Kite also

because Defendant Hengda Kite has consented to the personal jurisdiction of this Court

by filing a Rule 12(b)(6) defense without a Rule 12(b)(2) defense.

9.     Venue is proper under 28 U.S.C. § 1391(c)(3) because Defendant Hengda

Kite is not a resident of the United States and therefore may be sued in any district,

including this District; and because Hengda Kite has consented to the venue of this

Court by filing a Rule 12(b)(6) defense without a Rule 12(b)(3) defense.

## INACCESSABILITY OF CHINESE DESIGN PATENT AS PRIOR ART

10.     Based on expert opinion obtained by Plaintiff, the Chinese design patents

(CN302607041 and CN304572766) identified by Defendant Hengda Kite were not

publicly accessible to a Person Of Ordinary Skill In The Art POSITA before June 17,

2021.

11.     While these references may have been present in China National

Intellectual Property Administration (CNIPA)'s systems, their discoverability by a

POSITA before June 17, 2021, was practically impossible because:

- Minimal searchable text: The design patents are primarily image-based and contain little textual content that could provide any meaningful way to locate them;

- Lack of English translations: The absence of English translations for the title, assignee and inventor information at the time of publication; and

- Limited indexing: CNIPA's indexing capabilities were keyed primarily to Chinese-language bibliographic fields, preventing effective retrieval through searches.

12. CNIPA's search interface before 2021 did not meaningfully support discovery of unknown references. The interface only allowed Chinese-language searching and locating a document typically required:

- The exact publication number;

- The applicant's name in Chinese;

- Relevant Chinese-language keywords; or

- Knowledge of the relevant classifications and sifting through large numbers of entries.

13. Without this specific information, a POSITA using customary search methods would not have retrieved the documents at issue.

14. The situation is comparable to an online repository where a POSITA could only find a document by browsing through large lists indexed by non-intuitive fields or by using an advanced search that does not reliably return results. Under such

circumstances, the document is not publicly accessible, even though it is technically posted online.

15.     For Chinese design patents, the accessibility problem is even more acute. These documents are largely image-based with minimal text. As a result, there is no meaningful keyword search path. A POSITA seeking prior art would have had no way to identify these documents through customary search methods unless they already possessed the specific filing details. In practical terms, discovery of these references would have required preexisting knowledge, not reasonable diligence.

16.     Indeed, aside from sparse bibliographic data, the textual content of the Chinese design patents at issue is too generic to provide any searchable description of distinctive features.

17.     For example, the specification of CN302607041 describes that the applied-for design was for "toys or ornaments," rather than an actual kite. For another example, CN304572766 is described confusing a "Kite (Grassland)." Such vague label does not identify or describe the particular ornamental features claimed in the designs, nor do they provide sufficient textual information that would allow a POSITA to locate the design patents through keyword searching.

18.     If a POSITA were to use the generic terms "kite" ("风筝" if using the terms found in the titles of the design patents) as a keyword input for Chinese designs

published prior to June 17, 2021, the number of hits returned would be in excess of

78,240, most of which are utility patents merely including the keyword "kite" (or "风

筝") but have little to do with designs of an actual kite.

19.     Conducting a review of this number of documents obviously falls well

outside the realm of reasonable diligence.

## UNTRUSTWORTHINESS OF AMAZON PRODUCT PAGES AS PRIOR ART

20.     Regarding the Amazon references identified by Xianghuo, an Amazon

seller can modify a product page at any time. As a result, an Amazon product page can

change significantly over time as different sellers update or even completely repurpose

their listings. Sellers may alter product titles, descriptions, model numbers, images, and

features to reflect new or entirely different products, all while keeping the same page

URL. Consequently, a product page that once displayed a specific product may later

display an entirely unrelated product, which can be misleading when reading customer

reviews. Therefore, the images, description and reviews in these listings are unreliable

as sources of prior art. Such search experts as Mr. Craig Jimenez from Global Prior Art,

Inc. (GPA), a full-service patent research firm founded in 1982, has been frequently

asked to ascertain the reliability of such claimed prior art, but Mr. Jimenez has testified

to federal court that "[he] would never present current Amazon product pages such as

these as a source of reliable prior art to a client."

21.     Academic research confirms this dynamic nature of Amazon product listings. For example, a published study of Amazon's "review hijacking" practices explains how sellers can hijack existing product pages and replace their details—title, description, and images—with those of a different product, while retaining the earlier reviews. This shows that Amazon product pages are unstable over time and therefore not trustworthy as prior art.

22.     Attached hereto as Exhibit A is a true and correct copy of the article entitled Identifying Hijacked Reviews, arXiv preprint (2021), available at https://arxiv.org/pdf/2107.05385.

**FIRST CLAIM FOR RELIEF**
**(Direct Patent Infringement)**

23.     Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth here.

24.     Defendant Hengda Kite, under 35 U.S.C. § 271(a), has directly infringed and continue to directly infringe, literally, under the doctrine of equivalents, or both, the designs protected by the '279 patent by making, using, selling, offering to sell, and/or importing into the United States the following materially similar kites under different brand names, versions, or both (former, current, or future):

| Defendant | Amazon Store Name | ASIN(s) |
|---|---|---|
| Defendant Weifang Hengda Kite Manufacturing Co., Ltd. (d.b.a. Hengda Kite) | Kengda Kite | B0DGKZNGHD |

25.    These kites are identified by Defendant seller and corresponding Amazon store name and Amazon Standard Identification Number ("ASIN").  The kites identified above and all materially similar kites under different brand names and/or versions (former, current, or future) are collectively referred to as the "Accused Products."

26.    The Accused Products are materially identical to the '279 patent. Defendant Kengda Kite's infringement of the '279 patent is willful. Defendants knew about the '279 patent and nevertheless copied the patented design without authorization.  Defendant Kengda Kite knew of the '279 patent before the filing of this Complaint because (i) they have long sold kite products, (ii) knew the popular kite designs on the market, including the designs patented in the '279 patent, and (iii) Defendant Kengda Kite continued manufacturing, selling, and offering for sale, the Accused Products.

## SECOND CLAIM FOR RELIEF
### (Indirect Patent Infringement)

17.     Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth herein.

27.     Upon information and belief, Defendants knew about the '279 patent and nevertheless copied the patented design without authorization.  Defendant Kengda Kite's infringement of the '279 patent is willful. Defendants knew about the '279 patent and nevertheless copied the patented design without authorization.  Defendant Kengda Kite knew of the '279 patent before the filing of this Complaint because (i) they have long sold kite products, (ii) knew the popular kite designs on the market, including the designs patented in the '279 patent, and (iii) Defendant Kengda Kite continued manufacturing, selling, and offering for sale, the Accused Products.

18.     Defendant Kengda Kite, pursuant to 35 U.S.C. § 271(b), knowingly and intentionally actively induced the infringement of the patented designs as shown in the '279 patent by instructing and otherwise encouraging customers of the Accused Products to make and use the Accused Products.

## DAMAGES

25.     On information and belief, 35 U.S.C. § 287(a) has been complied with at all relevant times.

26.     Plaintiff has sustained damages as a direct and proximate result of Defendant Kengda Kite's infringement of the '279 patent.

27.     Because of Defendant Kengda Kite's past infringement of the '279 patent, Plaintiff is entitled to the recovery of past damages in the form of, at a minimum, a reasonable royalty.

28.     Because of Defendant Kengda Kite's continued and future infringement of the '279 patent, Plaintiff is entitled an injunction preventing Defendant Kengda Kite from making, using, selling, offering to sell, and/or importing into the United States the Accused Products. In the alternative and in addition to injunctive relief, Plaintiff is entitled to royalties for any post-Complaint infringement by Defendant Kengda Kite of the '279 patent.

29.     Because Defendant Kengda Kite's infringement of the '279 patent has been and continues to be willful, Plaintiff is entitled to treble damages.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment against Defendant Kengda Kite as follows:

A.      a declaration that Defendant Kengda Kite have infringed the '279 patent literally and/or under the doctrine of equivalents;

B.      damages adequate to compensate Plaintiff for Defendant Kengda Kite's past infringement and any post-Complaint infringement, which shall be no less than a reasonable royalty, including interest, costs, and disbursements under 35 U.S.C. § 284 and, if necessary, to adequately compensate Plaintiff for Defendant Kengda Kite's infringement,

C.      an accounting of all infringing sales including sales not presented at trial;

D.      an order that Defendant Kengda Kite's, be permanently restrained and enjoined from making, using, selling, offering to sell, and/or importing into the United States the Accused Products;

E.      treble damages based on any infringement found to be willful pursuant to 35 U.S.C. § 284;

F.      a finding that this case is exceptional under 35 U.S.C. § 285 and such enhanced damages as costs and attorneys' fees;

G.      pre-judgment and post-judgment interest; and

H.      any such further relief as this Court deems just and proper under the circumstances.


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 15, 2026             Respectfully submitted,

By: /s/ Zheng Liu

Zheng Liu
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
(650) 475-6289
Andy.Liu@aptumlaw.com

*Attorney for Plaintiff Juncheng Kao*

# Exhibit A

US00D967279S

(12) **United States Design Patent** (10) Patent No.: **US D967,279 S**

Kao (45) Date of Patent: ** **Oct. 18, 2022**

(54) **KITE**

(71) Applicant: **Juncheng Kao**, Weifang (CN)

(72) Inventor: **Juncheng Kao**, Weifang (CN)

(**) Term: **15 Years**

(21) Appl. No.: **29/795,185**

(22) Filed: **Jun. 17, 2021**

(51) **LOC (13) Cl.** ............................................... **21-01**

(52) **U.S. Cl.**
USPC ........................................................ **D21/445**

(58) **Field of Classification Search**
USPC ..... D12/16.1, 323, 325, 326, 327, 328, 329,
D12/331–343, 345; D21/301, 436, 437,
D21/438, 439, 440, 441, 443–453
CPC ........ A63H 33/18; A63H 27/00; A63H 27/14;
A63H 33/185; A63B 65/08
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 4,159,087 A | * | 6/1979 | Moomaw | A63H 27/08 |
| | | | | 242/375.3 |
| 4,216,929 A | * | 8/1980 | Holland, Jr. | A63H 27/08 |
| | | | | 244/153 R |
| 4,286,762 A | * | 9/1981 | Prouty | A63H 27/04 |
| | | | | 244/155 A |
| D274,827 S | * | 7/1984 | Belloff | D21/445 |
| 4,736,914 A | * | 4/1988 | Tabor | A63H 27/08 |
| | | | | 244/155 A |
| 4,742,977 A | * | 5/1988 | Crowell | A63H 27/08 |
| | | | | D21/445 |
| 4,807,832 A | * | 2/1989 | Tabor | A63H 27/08 |
| | | | | 244/153 R |
| 4,874,146 A | * | 10/1989 | Heid | A63H 27/08 |
| | | | | 244/153 R |
| 4,927,100 A | * | 5/1990 | Provenzo, Jr. | A63H 27/08 |
| | | | | 244/214 |
| 5,054,718 A | * | 10/1991 | Hull | A63H 27/08 |
| | | | | 244/155 A |
| 5,064,149 A | * | 11/1991 | Prouty | A63H 27/08 |
| | | | | 244/155 A |

(Continued)

OTHER PUBLICATIONS

Besra Rainbow Delta Kite Single Line Kite with Long Tail [May 26, 2022] found online [May 26, 2022]—https://www.amazon.com/ Besra-110inch-Rainbow-windsock-Outdoor/dp/B077RDW7RH?th= 1.*

*Primary Examiner* — John A Voytek

(74) *Attorney, Agent, or Firm* — Rumit Ranjit Kanakia

(57) **CLAIM**

The ornamental design for a kite, as shown and described.

**DESCRIPTION**

FIG. **1** is a front elevational view of a kite showing my new design;
FIG. **2** is a rear elevational view thereof;
FIG. **3** is a left side view thereof;
FIG. **4** is a right side view thereof;
FIG. **5** is a top plan view thereof;
FIG. **6** is a bottom plan view thereof;
FIG. **7** is a perspective view thereof;
FIG. **8** is another perspective view thereof;
FIG. **9** is a partial enlarged view of FIG. **3**;
FIG. **10** is a partial enlarged view of FIG. **3**;
FIG. **11** is a partial enlarged view of FIG. **5**;
FIG. **12** is a partial enlarged view of FIG. **5**;
FIG. **13** is a partial enlarged view of FIG. **6**;
FIG. **14** is a partial enlarged view of FIG. **6**;
FIG. **15** is a partial enlarged view of FIG. **7**;
FIG. **16** is a partial enlarged view of FIG. **7**;
FIG. **17** is a partial enlarged view of FIG. **7**; and,
FIG. **18** is a partial enlarged view of FIG. **8**.
The broken lines in the drawings demarcate enlarged portions of the kite, and form no part of the claimed design.

**1 Claim, 18 Drawing Sheets**



FIG.15

FIG.18

FIG.16

FIG.17

**US D967,279 S**

Page 2

(56)        **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 5,328,134 A | * | 7/1994 | Powers | .................. A63H 27/08 |
| | | | | 244/155 A |
| D392,345 S | * | 3/1998 | Burghardt | ................... D21/445 |
| 5,725,410 A | * | 3/1998 | Robinson | ............... A63H 27/14 |
| | | | | 446/62 |
| 6,048,246 A | * | 4/2000 | Forti | .................. A63H 27/007 |
| | | | | 446/64 |
| 6,102,765 A | * | 8/2000 | Forti | .................. A63H 27/007 |
| | | | | 446/64 |
| 6,145,789 A | * | 11/2000 | Matlin | .................. A63H 27/04 |
| | | | | 244/152 |
| D462,728 S | | 9/2002 | Wang | |
| D500,815 S | | 1/2005 | Tabor | |
| D502,745 S | | 3/2005 | Tabor | |
| D506,513 S | | 6/2005 | Tabor | |
| D507,308 S | | 7/2005 | Tabor | |
| D510,110 S | | 9/2005 | Tabor | |
| D511,797 S | | 11/2005 | Tabor | |
| D513,281 S | | 12/2005 | Tabor | |
| D794,719 S | | 8/2017 | Villar | |
| D803,949 S | * | 11/2017 | Ferrandino | .................. D21/445 |
| D843,486 S | | 3/2019 | Alonso | |
| 2012/0018583 A1 | * | 1/2012 | Prieto Estebanez | .. B64C 31/032 |
| | | | | 244/153 R |
| 2017/0296937 A1 | * | 10/2017 | Tiefel | .................. A63H 27/007 |

* cited by examiner

*FIG.1*

*FIG.2*



*FIG.9*

*FIG.10*

*FIG.3*



*FIG.4*

Case: 1:25-cv-08491 Document #: 42 Filed: 01/15/26 Page 21 of 34 PageID #:645



*FIG.11*               *FIG.12*

*FIG.5*



*FIG.13*            *FIG.14*

*FIG.6*



*FIG.15*

*FIG.16*

*FIG.17*

*FIG.7*

*FIG.18*



*FIG.8*



*FIG.9*



*FIG.10*



*FIG.11*

Case: 1:25-cv-08491 Document #: 42 Filed: 01/15/26 Page 28 of 34 PageID #:652



*FIG.12*

**U.S. Patent**         Oct. 18, 2022         Sheet 13 of 18         US D967,279 S



*FIG.13*



*FIG.14*



*FIG.15*



*FIG.16*

Case: 1:25-cv-08491 Document #: 42 Filed: 01/15/26 Page 33 of 34 PageID #:657



*FIG.17*



*FIG.18*