UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Juncheng Kao,<br><br>    Plaintiff,<br><br>v.<br><br>Weifang Hengda Kite Manufacturing Co., Ltd.<br>(d.b.a. Hengda Kite)<br><br>    Defendant. | Civil Action No.: 1:25-cv-08491<br><br>**Honorable Jorge L. Alonso** |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'
PREMATURE MOTION TO DISMISS UNDER RULE 12(b)(6)**

### I.     PRELIMINARY STATEMENT

"Design patent infringement is a question of fact." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010). Defendant Chinese Resellers' Rule 12(b)(6) motion cannot resolve a question of fact at this pleading stage and should thus be denied.  At its core, Defendant Chinese Reseller's motion ignores the requirements of Rule 12(b)(6) (i) because it relies on unsubstantiated and inadmissible assertions outside the pleadings, (ii) because it does not take all factual allegations in Patent Owner's complaint as true, and (iii) because it fails to view all reasonable inferences in Patent Owner's favor.

More specifically, Defendant's motion does not address the sufficiency of Patent Owner's complaint but instead delves into such affirmative defenses as invalidity and non-infringement. These affirmative defenses can only be resolved after claim construction, fact discovery, and expert discovery. They are not the proper subject of a

1

motion to dismiss under Rule 12(b)(6), especially at this early stage. Even if Rule 12 practice were appropriate for these defenses, these defenses raise contested factual issues outside the pleadings that cannot be resolved at this stage of the proceeding.

Further, the motion to dismiss is factually inaccurate. First, Defendant Chinese Resellers says that Patent Owner's Complaint merely alleges that the accused products and the patented design share the same triangular shape, and that this generic allegation fails to state an infringement claim. Mot. page 9, para. 3. This is incorrect: Patent Owner's complaint never alleges such a generic theory of "triangular kites" infringement.

Moreover, the motion to dismiss resiles on unauthenticated images of, according to Defendant, prior art products. These extraneous, unauthenticated images cannot be relied on at this pleading stage.

In sum, Defendant's deficient motion for summary judgement disguised as a Rule 12 motion should be denied at this pleading stage.

## II. BACKGROUND

Patent Owner is a principal designer associated with a leading consumer goods manufacturer. After significant research, Patent Owner invented the patented design, a kite that includes (i) a straight vertical support, and (ii) a curved horizonal support that is no more than the width of the kite. Patent-Owner's inventive design is preferred by consumers who want kites that can fly in extreme wind but with minimum self-weight.



Compl., Ex. A; Fig. 7

The U.S. Patent and Trademark Office issued the Patent after scrutinizing Patent-Owner's design against a large number of prior designs, including the Besra design Defendant cited. Neither the images attached to Defendant's motion to dismiss show this particular design. *See* Mot. Ex. 1-7 *generally*.

### III.   LEGAL STANDARDS

#### A. Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, a court must accept the well-pleaded allegations of the complaint as true, construe the complaint in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. *See Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012), ("[Plaintiff] correctly notes that courts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses.")

3

"The Court, however, will not consider new allegations, documents, or photographs presented along with its Motion to Dismiss because in a 12(b)(6) challenge, '[t]he attack is on the sufficiency of the complaint, and the defendant cannot set or alter the terms of the dispute, but must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence.'" *Pressure Specialist, Inc. v. Next Gen Mfg.*, No. 17-CV-6582, (N.D. Ill. Jan. 24, 2018) (quoting *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987)).

Furthermore, patent infringement claims may contain disputes over underlying facts, such as "[w]hether the claim elements or the claimed combination are well understood, routine, [or] conventional." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). And because patents are presumed valid, "[a]ny fact … that is pertinent to the invalidity conclusion must be proven by clear and convincing evidence." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018) (internal citations omitted).

### B. Design Patent Infringement

Determining whether a design patent has been infringed is a two-part test. First, the court construes the claim to determine its meaning and scope. Second, the fact finder compares the properly construed claim to the accused design. *See Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1341 (Fed. Cir. 2020); *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1129 (Fed. Cir. 2019) (explaining design patent infringement is a question of fact).

Under the "ordinary observer" test, a design patent is infringed "'[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.'" *Id*. (quoting *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (en banc)). Importantly, the patented design and accused design do not have to be identical to find infringement. *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). "[M]inor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 991 (Fed. Cir. 1993).

Courts routinely deny Rule 12(b)(6) motions to dismiss in design patent infringement cases. Because "the limited question on a motion to dismiss is whether the claimed design and the accused product share sufficient visual similarity to plausibly allege design-patent infringement." *Five Star Gourmet Foods, Inc. v. Ready Pac Foods, Inc.*, No. 5:18-cv-2436, 2019 WL 1260634, at *3 (C.D. Cal. Mar. 18, 2019) (denying motion to dismiss design patent infringement claims); *simplehuman, LLC v. iTouchless Housewares & Prod., Inc.*, No. 19-cv-02701, 2019 WL 5963245, at *5 (N.D. Cal. Nov. 13, 2019) (denying a motion to dismiss a design patent infringement claim where the plaintiff's complaint plausibly allege the overall similarity of the designs); *Puma SE v. Forever 21, Inc.*, No. 17-cv-2523, 2017 WL 4771004, at *3 (C.D. Cal. June 29, 2017) (concluding that the plaintiff

5

sufficiently alleged that the two designs bear a substantial degree of similarity when considering the overall design).

## IV. DISCUSSIONS
### A. Materials Outside Plaintiff's Complaint Should Be Disregarded At This Pleading Stage.

Here, Exhibits 1-7 attached to Defendants' Rule 12(b)(6) motion are extraneous materials outside Patent Owner's Complaint and should be disregarded. "The exception to considering materials outside the complaint in resolving a Rule 12(b)(6) motion is a narrow one, and '[i]t is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment.'" *Midwest Innovative Prods., LLC v. Kinamor, Inc.*, No. 16 CV 11005, (N.D. Ill. May 31, 201790 (citing *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).

Further, Exhibit 2 should be disregarded, because the kite shown in Exhibit 2 is not even the same kite Patent-Owner complained about. Declaration of Juncheng Kao, ¶¶ 2-3. The kite shown in Exhibit 2 has a much more curved horizontal support than the accused product does. Kao Decl., ¶¶ 4-5.



| Hengda Kite as shown in the Complaint | The different kite shown in Defendants' Motion to Dismiss, Ex. 2 |

6

### B. Plaintiff's design patent claims satisfy the pleading standard for infringement.

#### a. Patent Owner Sufficiently Alleged Design Patent Infringement.

Defendant Chinese Resellers do not—and cannot—credibly dispute that Patent Owner's design patent infringement claims meet the pleading standards. To survive a motion to dismiss, a complaint for infringement of a design patent infringement claim need only "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (citing *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790 (Fed. Cir. 2000)).

Here, Patent Owner's complaint satisfied all these elements. *See* Compl. at 2 (identifying ownership), at 3-4 and 13 (identifying named defendant), at 2 and Exhibit A (identifying infringed patent), at 13-17,18-19 (identifying means of infringement), at 13 and19 (identifying sections of patent law invoked).

Courts have also denied motions to dismiss where the patented design and the accused design were sufficiently similar to plausibly allege infringement, even if there might be some notable dissimilarities. *See Five Star Gourmet Foods, Inc. v. Ready Pac Foods, Inc.*, No. 5:18-cv-2436, 2019 WL 1260634, at *3 (C.D. Cal. Mar. 18, 2019) ("[T]he limited question on a motion to dismiss is whether the claimed design and the accused product share sufficient visual similarity to plausibly allege design-patent infringement."). "The patented and accused designs do not have to be identical in order

7

for design patent infringement to be found." *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997); *see also Tangent Techs. LLC v. Recycled Plastics Indus. LLC*, No. 23-C-261, (E.D. Wis. Nov. 7, 2023) (denying a Rule 12 (b)(6) motion to dismiss despite certain dissimilarities, because "the court declines to resolve this inherently factual question on the instant motion to dismiss"); *simplehuman, LLC v. iTouchless Housewares & Prod., Inc.*, No. 19-cv-02701-HSG, 2019 U.S. Dist. LEXIS 197024, 2019 WL 5963245, at *1 n.1 (N.D. Cal. Nov. 13, 2019) (denying a motion to dismiss a design patent infringement claim, despite alleges differences between the design patent and accused product, as such questions "are properly considered at claim construction" which the Court declined to engage in "at this preliminary stage").

Here, Patent Owner's Complaint included a visual comparison to show the similarity between its patented designs and the accused product. (Compl., at 2.) The FAC also alleged that an ordinary observer would find them to be "materially similar" or "materially identical." (Compl., ¶¶ 24-25.)



8

These allegations, and the patents and images included in the Complaint, meet Patent Owner's burden to plead that ordinary consumers would be deceived by the similarity between the accused product and patent at issue. *See Hall*, 705 F.3d at 1363; *Five Star Gourmet Foods,* 2019 WL 1260634, at *3. Patent Owner's design patent infringement claims thus plausibly allege infringement, especially considering all facts and inferences must be drawn in Patent Owner's favor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *Puma SE v. Forever 21, Inc.*, Case No. CV17-2523 PSG Ex, 2017 U.S. Dist. LEXIS 211140, 2017 WL 4771004, at *2 (C.D. Cal. June 29, 2017) (denying motion to dismiss a design patent claim because plaintiff sufficiently alleged a degree of similarity between the patent and the accused products).

Defendant Chinese Reseller's assertion that a claim chart must accompany a complaint (Mot., at 1) is simply incorrect. A claim chart is not required in a complaint, especially when the Complaint includes image-by-image comparison of the patented design and the accused product. *AlexSam, Inc. v. Aetna, Inc.* (Fed.Cir. 2024) 119 F.4th 27, 69. ("Although not required to do so to avoid dismissal under Rule 12(b)(6), the complaint expressly … attach[es] a claim charts. The Second Amended Complaint also uses photographs, and incorporates by reference an expert declaration, to further illustrate how, in AlexSam's not unreasonable view, Aetna's VISA Products infringe.")

Indeed, "[a] plaintiff is not required to plead infringement on an element-by-

9

element basis." *Bot M8 LLC v. Sony Corp. of Am.* (Fed.Cir. 2021) 4 F.4th 1342, 1352. "Instead, it is enough 'that a complaint place the alleged infringer on notice of what activity . . . is being accused of infringement." *AlexSam, at* 119 F.4th at 35 (citing *Bot M8 LLC,* 4 F.4th at 1353).

### b. Defendant Chinese Resellers' Non-Infringement Arguments Improperly Focus on the Merits.

Defendant Chinese Reseller does not dispute that Patent Owner's complaint adequately pleads design patent infringement, but rather improperly skips this step and jumps into arguing its affirmative defense of non-infringement. Defendant Chinese Reseller's arguments should be rejected for this reason alone. *Gibson*, 910 F.3d at 1520 (explaining that motions to dismiss exist to challenge the sufficiency, not the merits of a complaint); *see also Liqui-Box Corp. v. Scholle IPN Corp.*, 449 F.Supp.3d 790, 798 (N.D. Ill. 2020) ("Defendants' argument for … infringement focuses, essentially, on the merits of the infringement dispute. Such an inquiry is premature on a motion to dismiss."); *Design Ideas, Ltd. v. Lowe's Home Centers LLC*, No. 20-CV-3204, 2021 WL 5611319 at *10 (C.D. Ill. Nov. 30, 2021) ("The Court will not weigh and evaluate evidence in this manner on a 12(b)(6) motion because determination of the substantive merits of Plaintiff's claims is a matter for trial or for summary judgment under Rule 56."); *Midwest Innovative Prod., LLC v. Kinamor, Inc.*, No. 16-cv-11005, 2017 WL 2362571, at *2 (N.D. Ill. May 31, 2017) (denying motion to dismiss where "[d]efendants seek a determination of the substantive merits of the controversy").

Here, Part V of Defendant Chinese Reseller's motion compares various *components* of certain kites to components shown in the patent-in-suit. This approach is factually and legally incorrect. First, as explained above, the kite shown in Exhibit 2 is not even the same kite Patent-Owner complained about. *See supra* at 6; Kao Decl., ¶¶ 2-5.

Second, Defendant applied the wrong legal standard. Comparing individual components of two designs in isolation to determine infringement has been consistently rejected by the Federal Circuit. Indeed, courts must analyze `the claimed design as a whole, not "separate elements in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).

Third, Defendant's argument lacks evidentiary support. Relying sole on incorrect product images, and without ever identifying an "ordinary observer," Defendant Chinese Reseller unilaterally concludes that no such observer would find their designs to be "substantially the same" as Patent Owner's patented designs.

In sum, Defendants' argument is not only factually incorrect but goes to the merits of Patent-Owner's allegations and Defendant Chinese Reseller's purported defenses, not the sufficiency of the Complaint. *See Design Ideas,* 2021 WL 5611319 at *10.

    **c. It is Premature to Decide Infringement.**

"Design patent infringement is a question of fact." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288,1295 (Fed. Cir. 2010); *Five Star Gourmet*, 2019 WL 1260634, at *3 ("Ultimately, determining infringement, and an ordinary observer comparison, are matters for the trier of fact."). Determining whether a design patent is infringed is a

two-step process. First, the court must construe the design patent's claim. *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995). Next, the fact-finder must compare the patented design and the accused design using the "ordinary observer" test. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 677 (Fed. Cir. 2008) (en banc)

A design patent is infringed "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same." *Samsung Electronics Co., Ltd. v. Apple Inc.*, 137 S. Ct. 429, 432 (2016) (internal citation omitted). The hypothetical "ordinary observer" has knowledge of the prior art because the differences between the claimed and accused designs are viewed in light of the prior art. *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (citing *Egyptian Goddess*, 543 F.3d at 677-678). The accused infringer has the burden of production for the comparison prior art. *Egyptian Goddess*, 543 F.3d at 679. "The patented and accused designs do not have to be identical in order for design patent infringement to be found." *OddzOn Prods. v. Just Toys*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). Infringement can be found literally or through the doctrine of equivalents. *See Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1190 (Fed. Cir. 1988). Thus, the complaint need only allege, such as through visual comparisons, that an ordinary observer would be deceived by the similarity between the accused product and patent at issue. *See Hall*, 705 F.3d at 1363.

Discovery is necessary to develop the facts to establish infringement. For example, the ordinary observer and their knowledge of the prior art must be

12

established, the accused designs must be compared to the patented designs, and both must be compared to the prior art to determine if two designs are substantially the same in light of the prior art.

At this stage, however, any facts that do exist must be construed in Patent Owner's favor. The scope of the claims must also be determined through claim construction before deciding infringement. *Elmer*, 67 F.3d at 1577; *see also O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008)("[C]laim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement."). But "the proper time for this Court to address claim construction is not in a motion to dismiss." *Schreiber v. Eli Lilly & Co.*, No. Civ. A. 05CV2616, 2006 U.S. Dist. LEXIS 13477, 2006 WL 782441, at *4 n.10 (E.D. Pa. Mar. 27, 2006) *(citing Markman, 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577); see also Technology Patents, LLC v. Deutsche Telekom AG, 573 F. Supp. 2d 903, 920 (D. Md. 2008) (resolution of necessary inquiries in claim construction analysis not appropriate at motion to dismiss stage); Cima Labs, Inc. v. Actavis Group HF, Civ. Nos. 07-893, 06-1970, 06-1999, 2007 U.S. Dist. LEXIS 41516, 2007 WL 1672229, at *3 (D. N.J. June 7, 2007) (citing Schreiber, 2006 U.S. Dist. LEXIS 13477, 2006 WL 782441, at *4). Inc., No. 09-C-462, 2009 WL 2836643, at *4. (E.D. Wis. Aug. 31, 2009)*

Without the benefit of discovery, claim construction, or prior art as a comparison,

13

Defendant Chinese Reseller's motion improperly concludes that no ordinary observer could find the accused designs "substantially the same" as the patented designs. (Mot. at 14). Defendants' claim of non-infringement is thus premature.

First, a determination of non-infringement cannot be made without a proper claim construction. *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571 (Fed. Cir. 1995) ("Determining whether a design patent claim has been infringed requires, first, as with utility patents, that the claim be properly construed to determine its meaning and scope.") Here, Defendants do not even attempt any claim construction to establish the scope of the patent-in-suit. (Mot. at 14).

Second, even if it were appropriate to make a substantial similarity determination at this early point in the case (it is not), Defendant Chinese Reseller's motion improperly only analyzes the alleged differences in isolation, ignoring black-letter law requiring that "[d]ifferences…be evaluated in the context of the claimed design as a whole, and not in the context of separate elements in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015). Further, any minor differences that Defendant Chinese Resellers alleges exist do not make it implausible that the designs are substantially similar. "[M]inor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *See Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 991 (Fed. Cir. 1993); *Five Star Gourmet*, 2019 WL 1260634, at *3 ("[T]he limited question on a motion to dismiss is

14

whether the claimed design and the accused product share sufficient visual similarity to plausibly allege design-patent infringement.").

Ultimately, the "ordinary observer" test for design patent infringement is ripe with factual issues, making its determination premature at this early stage. Defendant Chinese Resellers' motion to dismiss the design patent infringement counts should be denied.

### C. Leave To Amend Should Be Liberally Granted.

Defendant Chinese Reseller requests that the Court dismiss Patent Owner's Complaint with prejudice. However, courts "freely give leave [to amend] when justice so requires." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). Thus, if needed, Patent Owner should be given leave to file an amended complaint.

### V. CONCLUSION

Design patent infringement is a question of fact, and the limited question on a motion to dismiss is whether the claimed design and the accused product share sufficient visual similarity to plausibly allege design-patent infringement. Patent Owner's Complaint having met these pleading requirements, the Court should deny the motion to dismiss.

Date: February 19, 2026                                          Respectfully submitted,

_____/s/_____
Zheng "Andy" Liu (CA # 279327)
*Attorney for Plaintiff*

15