IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUNCHENG KAO, | |
| Plaintiff, | Case No. 25-cv-8491 |
| v. | |
| HENGDA KITE | Hon. Jorge L. Alonso |
| Defendants. | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT HENGDA KITE TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

I.     **Introduction**[1]

Once again, Plaintiff confirms that it does not understand, or simply chooses to ignore, the law respecting design patent infringement. Like its complaint, its opposition to the motion to dismiss fails to provide any meaningful analysis of the accused product and fails to set forth any facts that could, if true, establish a claim of design patent infringement. Plaintiff merely argues that it has identified a product and owns a patent, and therefore it has stated a claim. But that is not sufficient. That is the prototypical conclusory pleading that is not accepted as true under the law. Mere recitation of the elements of a claim is no substitute for well-pleaded facts that could be relied upon for proving a claim of infringement.

Here, as Hengda Kite ("Defendant")[2] has shown and Plaintiff has failed to rebut, the patent in question includes several prominent design features that are intentionally called out as being part of the overall claimed design. These include the several connection elements, the wing tips, and the particular style of tail connection. Plaintiff's opposition completely ignores all of these claimed design elements that collectively comprise the totality of the patented design.

The Court should dismiss Plaintiff's design patent infringement claims against Defendant because no reasonable finder of fact could find substantial similarity as between Defendant's accused product and the design of the '272 patent. Indeed, they are plainly dissimilar.

II.    **Courts Routinely Conduct a Basic Assessment of Claims of Design Patent Infringement and Dismiss Unfounded Claims Like Plaintiff's Here**

The entire purpose of Rule 12(b)(6) is to dispose of claims that cannot succeed under the

---

[1] This Court should reject the opposition to Defendant's motion to dismiss. Docket Entry 48 is unsigned and must be stricken. See, Fed. R. Civ. P. 11(a); *Marcure v. Lynn*, 992 F.3d 625, 630 (7th Cir. 2021).
[2] As noted in its opening brief, this case originally named Orange Cloud as a Defendant, Orange Cloud moved to dismiss the complaint with prejudice, it was not named in the amended complaint, and this Court should confirm that Orange Cloud is dismissed with prejudice. Plaintiff did not respond or contest that Orange Cloud should be dismissed with prejudice, though it perpetually refers to "Chinese Resellers" in the plural. This confuses the scope of the complaint, necessitating a definitive ruling from this Court.

law. It is the role of the Court to review well pleaded facts, apply the law to those facts, and determine if any reasonable fact finder could find in favor of the complainant. This is a fundamental procedural safeguard against baseless claims. Without it, anyone could waltz into court, set forth conclusory statements amounting to a rudimentary recitation of the elements of a claim, and compel a defendant to undergo years of litigation. That is what Plaintiff seeks to do here. It took Defendant's product, and exclaimed, "I have a patent. Just look at these two pictures. They are the same." That is not sufficient, and Courts have routinely rejected assertions of design patent infringement where a proper assessment of the accused product and the patent confirm that they are plainly dissimilar. Indeed, Defendant's opening memorandum cites a plethora of supporting cases where the court did just that. Dkt. 46, p. 6-7. Plaintiff fails to respond to any of that authority.

Moreover, just days ago Judge Kness performed this exact study in rejecting claims of design patent infringement under Rule 12(c). *See Grill Rescue LLC v. The Individuals, et al.*, No. 23-CV-15984, 2026 WL 483304 (N.D. Ill. Feb. 20, 2026). There, the plaintiff asserted design patent infringement of a grill brush against a defendant's brush:[3]



The court found that significant differences in the designs existed, such as the relative thickness, the presence of a herringbone pattern (versus the patent's smooth surface), and a textured bottom

---

[3] The patent contained other images, and these images are for exemplary and explanatory purposes.

(versus the patent's smooth bottom) among others. *See Id.* at *3. Accordingly, the court found "because the accused product would be sufficiently distinct to an ordinary observer from the '850 design, judgment may be entered in Defendant's favor on Plaintiff's infringement claim." *Id.*

Plaintiff's complaints that the court must accept its assertion of infringement and that there are fact questions are meritless. Indeed, in the *Grill Rescue* case, Judge Kness addressed such contentions as well and held as follows:

> Plaintiff [argues] that, because Plaintiff alleges that Defendant infringed upon its patent, the Court must accept this conclusion given the pre-discovery posture of the case. (Dkt. 99 at 3–4.) But an allegation that a party has infringed on a patent is a legal assertion, which the Court need not accept as true. *See* [*Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016)]. Rather, the Court must accept the facts alleged by Plaintiff. These facts may include the '850 patent design drawings cited by Defendant as well as pictures of Defendant's product, as these images were incorporated by reference into Plaintiff's complaint. (Dkt. 53-2 (the '850 patent); Dkt. 53-4 (containing pictures of the accused product).)
>
> From these representations, the Court may determine whether an "ordinary observer ... would be deceived into believing the [accused product] is the same as the patented [product]." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 681 (Fed. Cir. 2008). Moreover, a court can make this determination at the pleading stage under the Rule 12(b) and Rule 12(c) standard. *See, e.g., Young v. Stone*, 2014 WL 4271624, at *2 (N.D. Ill. Aug. 28, 2014) (granting a motion for judgment on the pleadings); *Parker v. Kimberly-Clark Corp.*, 2012 WL 74855 (N.D. Ill. Jan. 10, 2012) (dismissing an infringement claim under Rule 12(b)(6)).
>
> To find that an ordinary observer would not be deceived, however, the claimed design and the accused design "will be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear 'substantially the same' to the ordinary observer." *Egyptian Goddess*, 543 F.3d at 678; *see also Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 933–34 (Fed. Cir. 2014) (affirming dismissal under Rule 12(b)(6) because " 'plain differences' exist between the accused products and the patented design"). When a design "contains both ornamental and functional features, it is proper to separate the functional and ornamental aspects, because the scope of the design claim 'must be construed in order to identify the non-functional aspects of the design as shown in the patent[.]' " *Young*, 2014 WL 4271624, at *2 (quoting *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed.Cir. 2010)). In addition, the scope of an infringement

claim regarding a design patent "is limited to what is shown in the application drawings." *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988)."

The court then performed the appropriate comparison, noted that the patent and accused product were plainly dissimilar, and dismissed the design patent infringement claim with prejudice. This Court should do the same.

### III.  Plaintiff's "Not the Same Kite" Argument Lacks Merit

Plaintiff's argument that the Court should ignore the photographs of Defendant's product is perplexing.[4]  If the Court so choses, it certainly can limit its examination of the prospects for infringement to only the two rudimentary photographs in the complaint and compare them to the patent at issue.  In so doing, the only possible conclusions that could be reached is that the accused kite is plainly dissimilar and that the complaint fails to provide anything close to well-pleaded facts that the kite in question exhibits the design displayed in the patent.

The patented design includes the following designs from Figs 9, 12, 14, 15, and 18:



---

[4] Plaintiff actually argues that all of Exhibits 1-7 are "outside" the complaint.  That is clearly not true. Exhibits 1 and 2 are the patent and file history. Exhibits 3-5 are the product ASIN B077RDWZRH referenced on the face of the patent. https://www.amazon.com/Besra - 110inch - Rainbow - windsock - Outdoor / dp / B077RDWZRH?th=1. Exhibits 6-7 are duly issued patents subject to judicial notice. see *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1001-02 (9th Cir. 2018) (affirming judicial notice of patent application published by a foreign government agency); *Interstate Nat. Gas Co. v. So. Cal. Gas. Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (judicially noticing "records and reports of administrative bodies")

By all means, this Court should look for any of those designs in Plaintiff's two images (Dkt. 42 at 2):



They simply do not exist.

It is also ironic that Plaintiff would somehow take issue with Defendant's photographs of its own product and claim its "not the same" as the kite in the complaint. Dkt. 48, p. 6. Through this argument, Plaintiff appears to contend that the slight difference in curvature between the photograph in the complaint and Defendant's photograph is sufficient to confirm that the kite in the Defendant's photograph does not infringe. But if such small details are sufficient for Plaintiff to so readily distinguish Defendant's photograph from the accused kite and the '272 patent, what then can be said of the accused kite completely failing to include any of the designs shown in at least Figs, 8, 9, 12, 14, 15, 16, 17, and 18? The answer is that the glaring absence of those design elements conclusively establish that the accused kite cannot infringe.

In any case, the self-serving declaration of Kao requires no consideration. Not only is it

outside the pleadings, but Koa also provides no basis for the conclusory statement that the two kites are not the same. Again, it is ironic that Kao can so easily dismiss Defendant's photographs as being different and inapplicable, while simultaneously making broad, sweeping allegations of infringement. This is particularly curious given that Plaintiff argues that the '272 design has "a curved horizontal support," but then complain that Defendant's photographs "has a much more curved horizontal support than the Hengda Kite [Plaintiff's] complaint accused of patent infringement." Dkt. 48-1, ¶4.

The reliance on the presence of the structural crossbar has other problems. Plaintiff argues that its design includes "(i) a straight vertical support, and (ii) a curved horizonal support that is no more than the width of the kite" because, according to Plaintiff, "consumers [] want kites that can fly in extreme wind but with minimum self-weight." Dkt. 48, 2. That is a purely functional argument. Design patent law cares naught for function. A design patent's "scope is limited to those [ornamental] aspects alone and does not extend to any functional elements of the claimed article." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed. Cir. 2010). The kite does not need to perform well, and its performance and weight are totally irrelevant. Only the ornamentation depicted in the drawings forms the claimed design. *See Id.* (A design patent's "scope is limited to those [ornamental] aspects alone and does not extend to any functional elements of the claimed article.").

### IV. Plaintiff's Claim Construction Argument is Meritless

Plaintiff spills considerable ink arguing that this Court must engage in a formal claim construction before it can determine that the accused kite is plainly dissimilar from the '272 patent. That is not required. As discussed above, courts routinely strike design patent assertions at the pleadings stage. In so doing, courts routinely construe the patent as depicted in the patent drawings, as verbal descriptions of a design will often obscure at least as much as they elucidate.

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1333 (Fed Cir. 2015). Plaintiff provides no argument that the scope of its design patent should be treated differently. Furthermore, all of the cases cited by Plaintiff are utility patent cases or support Defendant, not Plaintiff.

For example, Plaintiff relies on *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995). However, in that case, the Court reviewed the patent figures, noted that various features were depicted in solid lines and confirmed "[the patent owner] could have omitted these features from its patent application drawings. [It] did not do so, however, and thus effectively limited the scope of its patent claim by including those features in it." *Id*. That is exactly what Plaintiff did when including the myriad of black line drawings directed to the design of the various structures depicted in Figs. 8, 9, 12, 14, 15, 16, 17, and 18—all of which are absent both from its assertions of infringement in its complaint and from the accused product.

Plaintiff's reliance on the unreported Pennsylvania decision *Schreiber v. Eli Lilly & Co.*, No. CIV.A. 05CV2616, 2006 WL 782441, at *1 (E.D. Pa. Mar. 27, 2006) is irrelevant. That case pertains to a utility patent on a drug. Should this court be inclined to consider decisions from the courts in Pennsylvania, Defendant directs this court to the strikingly analogous case of *Homy Casa Ltd. v. Jili Creation Tech. Co.*, 755 F. Supp. 3d 904, 912 (W.D. Pa. 2024) where, pursuant to Rule 12(b)(6), the court dismissed with prejudice an assertion of design patent infringement involving four design patents and an accused chair. One after another, the court pointed out the fact that while the patents and accused designs were both chairs, that such a broad generality was not the end of the inquiry, and when the particular design features of the patents were examined, it was clear they were lacking in the accused product. *Id*. at 910-912.

Plaintiff cites to *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1354

8

(Fed. Cir. 2008), but that case was an appeal of a jury verdict respecting three utility patents. *Tech. Pats., LLC v. Deutsche Telekom AG*, 573 F. Supp. 2d 903, 907 (D. Md. 2008) involved two utility patents and focused primarily on jurisdiction. *Cima Labs, Inc. v. Actavis Grp. HF*, No. 06-1970 (DRD), 2007 WL 1672229, at *1 (D.N.J. June 7, 2007) was a Hatch-Waxman case involving two drug utility patents. And *Yangaroo Inc. v. Destiny Media Techs. Inc.*, No. 09-C-462, 2009 WL 2836643, at *1 (E.D. Wis. Aug. 31, 2009) (for which Plaintiff fails to provide proper citation) is another utility patent case addressing prosecution history disclaimer. None of those cases is relevant to this court's consideration of Defendant's motion to dismiss Plaintiff's rudimentary assertions of design patent infringement.

Furthermore, Plaintiff continues to make arguments about the analysis of the various components that make up the totality of its design. Plaintiff fundamentally misapprehends the law. This exact issue was addressed and rejected by the Federal Circuit in *Top Brand LLC v. Cozy Comfort Co. LLC,* 143 F.4th 1349, 1358 (Fed. Cir. 2025). In response to the same complaint Plaintiff makes here, the Federal Circuit stated, "[t]he proper inquiry is whether the accused design has appropriated the claimed design as a whole, **but** this analysis *necessarily focuses* on the similarities or differences of *individual features* of the claimed and accused designs, as well as the existence of other noncommon features and the arrangement of the features in the overall design." Defendant's pointing out that the Plaintiff has completely failed to identify any similarity among the numerous claimed individual features and Plaintiff's complete failure to rebut that showing confirms that the overall designs of the '272 patent and the accused product are plainly dissimilar.

**V.    Plaintiff's Request for Leave to Amend Is Futile**

Plaintiff has already had two chances to assert a claim. There is no basis for allowing a third bite at the apple. In fact, justice for Defendant compels the determination that Plaintiff's complaint be dismissed with prejudice to save Defendant from on-going frivolous claims. The

9

scope of the patent is set in stone. So too, Defendant's product is known and its design is on full display in the briefing before this Court. Plaintiff knew exactly what it needed to show to provide a plausible assertion of infringement after Defendant moved to dismiss its original complaint. Obviously knowing that Defendant's product did not include any of the ornamental features highlighted throughout the drawings of the patent, features such as those shown in Figs. 8, 9, 12, 14, 15, 16, 17, and 18, Plaintiff opted for broad and generic assertions of infringement while relying on only two zoomed-out images. In so doing, Plaintiff intentionally hid the details of Defendant's design from this Court (though Defendant provided them in its motion to dismiss). There is absolutely nothing for Plaintiff to further include in a complaint that could give rise to a claim against Defendant's product. Amendment would be futile, and thus dismissal with prejudice is appropriate. *Bower v. Jones,* 978 F.2d 1004, 1008 (7th Cir.1992); *See also*, *Homy Casa*, 755 F. Supp. 3d at 912; *Cross v. Dick's Sporting Goods, Inc.*, No. 2:21CV198-PPS/JPK, 2022 WL 1014996, at *4 (N.D. Ind. Apr. 5, 2022) (dismissing a design patent action with prejudice after the plaintiff's first amended complaint still failed to state a viable claim of infringement).

## VI. Conclusion

Plaintiff impermissibly relies on similarities in the general concept of a triangle kite in making broad-brush accusations of infringement. Its purported infringement analysis is contrary to law. Plaintiff has no legitimate response to the glaring omissions in Defendant's product of the numerous claimed design elements that are particularly called out in the figures of the '272 patent and collectively form the totality of the claimed design. Its arguments regarding the need for claim construction and begging for leave to amend should all be rejected. This Court should dismiss the complaint with prejudice.

Dated:  March  2, 2026            Respectfully submitted,

/s/ *Matthew De Preter*
Matthew De Preter
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington, St. Suite 2800
Chicago, IL 60606
312-755-3153
cdepreter@agdglaw.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 2, 2026 a true and correct copy of the foregoing was filed electronically with the Clerk of the Court through the Court's CM/ECF System, which will provide electronic notification of such filing to all attorneys of record.

                                                             /s/ *Matthew De Preter*
                                                             Matthew De Preter
                                                             *One of the Attorneys for Defendant*