UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

Juncheng Kao,

      Plaintiff,

   v.

Weifang Hengda Kite Manufacturing Co., Ltd.
(d.b.a. Hengda Kite)

      Defendant.

Action No.: 1:25-cv-08491

Honorable Jorge L. Alonso

**PATENT OWNER'S SUR-REPLY
IN OPPOSITION TO RULE 12 MOTION TO DISMISS**

## I.    Background

On April 27, 2026, the Court requested Plaintiff to further briefing on the

following issues (Dkt. 50):

(1) Plaintiff shall specifically identify the novel, ornamental features of the

'279 Patent by reference to specific figures in the '279 Patent, see *OddzOn Prods.,*

*Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997) ("A design patent only

protects the novel, ornamental features of the patented design.");

(2) Plaintiff shall specifically identify whether and where the Accused

Product infringes these novel, ornamental features;

(3) Plaintiff shall address Defendant's argument that the Accused Product

fails to include any of the designs shown in Figures 8, 9, 12, 14, 15, 16, 17 and 18 of

1

the '279 Patent;

(4) Plaintiff shall state whether, when Plaintiff applied for the 279 Patent,

Plaintiff understood that the Besra Kite identified at [46], page 3, was prior art.

## II.    Patent Owner's Response

"Infringement of a design patent is a question of fact." *Catalina Lighting, Inc. v.*

*Lamps Plus, Inc.*, 295 F.3d 1277, 1287 (Fed. Cir. 2002); see also *Richardson v. Stanley Works,*

*Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010); *ddzOn Prods.*, 122 F.3d at 1405.

"An element-by-element comparison, untethered from application of the ordinary

observer inquiry to the overall design, is procedural error." *Ethicon Endo-Surgery, Inc. v.*

*Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).

Replying on factually-incorrect extraneous outside the pleadings, Defendant

Chinese Resellers' Rule 12(b)(6) motion cannot resolve a question of fact, at this

pleading stage, and should thus be denied.

### A.  *Example novel, ornamental features of the '279 Patent.*

The novel, ornamental features of the '279 Patent include at least the following:

1. the tail and the kite body is a one-piece design (figures 1-4 and 7-8);

2. only the top-side of kite has a small triangled-shaped fin (figures 1-4 and 8-9);

3. the bottom side of the kite has no fin ((figures 1, 3-4, 7, and); and

4. the kite include a single long rectangular-shaped tail (figures 1-4 and 7-8).

2

3



The tail and the kite body is a one-piece design.



Only the top-side of kite has a small triangled-shaped fin.

5



The tail is a single long rectangular.

5

**B.** ***The Accused Product infringes Plaintiff's patented novel, ornamental features.***

A side-by-side comparison showing that the accused product infringes Plaintiff's

patented design is provided below.

| Plaintiff's Patented Design | The Hengda Kite (according to Defendant's filing at Dkt. 46-2) |
|---|---|
|  | |

6





**C. Plaintiff's Response to Defendant's inaccurate argument that the Accused Product fails to include any of the designs shown in Figures 8, 9, 12, 14, 15, 16, 17 and 18 of the '279 Patent.**

First, as explained above and contrary to Defendant's argument, Defendant's accused product includes numerous features shown in figures 8-9 and 16 of Plaintiff's 279 Patent.

Second, the accused product infringes the 279 Patent: the accused product—as a whole—is almost identical to Plaintiff's patented design.

"It is the appearance of a design *as a whole* which is controlling in determining questions of patentability and infringement." *Keystone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir. 1993) (emphasis added). "The patented and accused designs *do not have to be identical* in order for design patent infringement to be found." *OddzOn Prods*, 122 F.3d at 1405.

"Differences [between the patented design and the accused product] must be evaluated in the context of the claimed *design* as a whole, and not in the context of separate elements in isolation." *Ethicon Endo-Surgery*, 796 F.3d at 1335. "An element-by-element comparison, untethered from application of the ordinary observer inquiry to the overall design, is procedural error." *Ibid*.

Courts, around the country, have also denied motions to dismiss where the patented design and the accused design were sufficiently similar to plausibly allege infringement, even if there might be some notable dissimilarities. *See Five Star Gourmet*

9

*Foods, Inc. v. Ready Pac Foods, Inc.*, No. 5:18-cv-2436, 2019 WL 1260634, at *3 (C.D. Cal. Mar. 18, 2019) ("[T]he limited question on a motion to dismiss is whether the claimed design and the accused product share sufficient visual similarity to plausibly allege design-patent infringement."); *Tangent Techs. LLC v. Recycled Plastics Indus. LLC*, No. 23-C-261, (E.D. Wis. Nov. 7, 2023) (denying a Rule 12 (b)(6) motion to dismiss despite certain dissimilarities, because "the court declines to resolve this inherently factual question on the instant motion to dismiss"); *simplehuman, LLC v. iTouchless Housewares & Prod., Inc.*, No. 19-cv-02701-HSG, 2019 U.S. Dist. LEXIS 197024, 2019 WL 5963245, at *1 n.1 (N.D. Cal. Nov. 13, 2019) (denying a motion to dismiss a design patent infringement claim, despite alleges differences between the design patent and accused product, as such questions "are properly considered at claim construction" which the Court declined to engage in "at this preliminary stage").

Courts—in this district—routinely denied motions to dismiss where the patented design and the accused design were sufficiently similar to plausibly allege infringement, despite the existence of minor isolated differences.

Just last month, in April 2026, Judge Rowland in *Pickuls Gizmo Ltd. v. P'ships & Unincorp. Assocs. Identified* (N.D.Ill. Apr. 6, 2026, No. 25-cv-01145) 2026 LX 126577 denied a motion to dismiss in a design patent infringement case. Because "[w]hile Stcyutdaa points to several design differences between its products and the '233 Patent, including the "distinct handle cutouts and texture" and "short handle," these differences

10

in isolation do not make the overall designs so plainly dissimilar that it is implausible an ordinary observer would confuse them. *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1131 (Fed. Cir. 2019) ("An ordinary observer is deceived by an infringing design as a result of similarities in the overall design, not of similarities in ornamental features considered in isolation.") (citation omitted; cleaned up).



A side-by-side comparison of the patented design and the accused product in *Pickuls Gizmo Ltd. v. P'ships & Unincorp. Assocs. Identified* (N.D.Ill. Apr. 6, 2026, No. 25-cv-01145) 2026 LX 126577

Two months ago, in March 2026, Judge Shah in *Liu Feng v. Kitsure-BJT* (N.D.Ill. Mar. 26, 2026, No. 25 CV 9209) 2026 LX 146859 denied a motion to dismiss in a design patent infringement case, after "drawing all reasonable inferences in favor of plaintiff...."



A side-by-side comparison of the patented design and the accused product in

*Liu Feng v. Kitsure-BJT* (N.D.Ill. Mar. 26, 2026, No. 25 CV 9209) 2026 LX 146859

Here, the accused product—as a whole—is almost identical to Plaintiff's patented

design, as shown below; the motion to dismiss should be denied.

| *The '279 Patent* | *Defendant's product* |
|---|---|
|  | |

| *The '279 Patent* | *Defendant's product* |
|---|---|
|  | |

### D. Plaintiff's understanding of the Besra Kite reference.

Plaintiff was not aware of the Besra Kite reference when applying for the 279 Patent. Further, Plaintiff notes at least three design differences between Plaintiff's patented design and the that shown in the Besra Kite reference.

| Plaintiff's Patented Design | The Besra Kite Reference |
|---|---|
|  | |





As seen, there exist at least three design differences between Plaintiff's patented design and the that shown in the Besra Kite reference.

First, the designs of the connectors between the kite body and the kite tail are different. In Plaintiff's patented design, the kite body and the tail are a single piece and are always connected. In contract, the Besra Kite reference shows that the tail is connected through a hook to the kite body.

Second, the Besra Kite reference shows that multiple tails are connected to the same kite body; in contrast, Plaintiff's patented design include a single tail.

Third, the designs of the kite body are different. In Plaintiff's patented design, a small triangle-shaped fin is attached to the top side of the kite body, but the bottom side of the kite body has no fin; in contrast, the Besra Kite reference shows that both the top and the bottom sided of the kite body have triangle-shaped fins.

Thus, the Besra Kite reference is not a prior art under 35 U.S.C. Section 102.

16

**E. Defendant's attempt to litigate dispute factual issues at the pleading stage are inappropriate.**

Here, Exhibits 1-7 attached to Defendants' Rule 12(b)(6) motion are extraneous materials outside Patent Owner's Complaint and should be disregarded. "The exception to considering materials outside the complaint in resolving a Rule 12(b)(6) motion is a narrow one, and '[i]t is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment.'" *Midwest Innovative Prods., LLC v. Kinamor, Inc.*, No. 16 CV 11005, (N.D. Ill. May 31, 201790 (citing *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).

Next, Defendant's exhibits are simply inaccurate because they contradict Defendant's own statements. For example, Defendant claims that Dkt. 46-2, page 2 shows the current design of the accused product.



*Accused Product according to Defendant's own filing at Dkt. 46-2, page 2*

17

But Defendant's Amazon store web page shows that the accused product has a complete different design than the one purportedly shown in Dkt. 46-2, page 2. For example, the designs of the connector between the kite body and the tail are complete different.

Thus, Defendant's own *unverified* filing is contracted by its own statements. Which statement is true is incapable of being resolve at this pleading stage. The Court should thus deny the motion to dismiss—because Defendant's reliance on unverified, self-contradicting materials outside the complaint is inappropriate.



*The accused product has a completely different design, according to Defendant's own Amazon product description.*

18



*The accused product has a completely different design, according to Defendant's own Amazon product description.*



*The accused product has a completely different design, according to Defendant's own Amazon product description.*

**III.     Conclusion.**

"Infringement of a design patent is a question of fact." *Catalina Lighting*, 295 F.3d at 1287. "An element-by-element comparison, untethered from application of the ordinary observer inquiry to the overall design, is procedural error." *Ethicon Endo-Surgery* 796 F.3d at 1335.

Here, Defendant's motion to dismiss should be denied, because it attempts, inappropriately, to resolve a disputed factual issue, at this pleading stage; and because it relies on unverified, self-contradicting materials outside the pleadings filed in this case.

Date: May 15, 2026                                                    Respectfully submitted,


_____/s/_____
Zheng "Andy" Liu
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Telephone: 650.475-6289
Email: andy.liu@aptumlaw.us

*Attorney for Plaintiff*

21

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2026, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system, which in turn sent notice to all counsel of record.

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu

22