IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUNCHENG KAO,

                    Plaintiff,

v.

HENGDA KITE,

                    Defendant.

Case No. 25-cv-8491

Hon. Jorge L. Alonso

## HENGDA KITE'S RESPONSE TO PLAINTIFF'S SUR-REPLY

**I.    Introduction**

Plaintiff's sur-reply fails to comply with Rule 11(a) and must be stricken for that reason alone. But even setting that aside, Plaintiff's sur-reply does almost nothing to address the discrete issues on which this Court requested clarification. Particularly glaring is the continued absence of any comparison of the accused product with any of Figures 8, 9, 12, 14, 15, 16, 17, or 18. Rather than coming to grips with reality, Plaintiff continues to strain credulity in its assertions of infringement by Hengda Kite's basic flying wing kite.

Under the prevailing law, there is no question that the accused product is plainly dissimilar from patented design such that no ordinary consumer could confuse one for the other. There is nothing that precludes judgment against Plaintiff at this stage. In fact, that is the only legally appropriate determination that could be made in a frivolous case like this.

**II.    Judgment of Noninfringement Is Required Where Designs Are Plainly Dissimilar**

Plaintiff makes much noise in contending that this Court cannot rule at the pleading stage that the complaint fails to set forth a claim for design patent infringement. But Plaintiff is dead

1

wrong.  The seminal case addressing the legal principle that where designs are plainly dissimilar, there cannot be confusion and thus there is no valid claim for infringement is *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1333 (Fed. Cir. 2015).

Plaintiff even cites to *Ethicon*, but in doing so, it fails to apply the court's direction.  The issue is not one of comparing singular design features (despite Plaintiff myopic focus on the tail connection).  The law requires the court to look at each of figures in the patent and find similarities or differences among them and the accused product to arrive at an overall determination of whether the designs could possibility be confusing.  This is precisely what the Federal Circuit held in *Top Brand LLC v. Cozy Comfort Co. LLC,* 143 F.4th 1349, 1358 (Fed. Cir. 2025) where it stated, "[t]he proper inquiry is whether the accused design has appropriated the claimed design as a whole, but this analysis **necessarily focuses on** the similarities or differences of **individual features** of the claimed and accused designs, as well as the existence of other noncommon features and the arrangement of the features in the overall design." emphasis added.

Plaintiff's purported "novel" features only confirm that the accused product could not infringe.  Plaintiff points to the tail.  But that is one of the distinguishing features separating the overall design of the accused product. The patent states that Figure 1 is the "front elevational view" while Figure 2 is the "rear elevational view."[1]  An excerpt of each, respectively, is shown below:

---

[1] For unknown reasons, Plaintiff abandons the nomenclature of the patent when referring to various views of kites.  Herein, Defendant will use the patent's identification of the views and orientations.

2



Immediately noticeable is the cross-bar feature present on the front view (below highlighted in red) which is further called out as a distinct design element in figures 7 (middle), 16 (right):



By contrast, the rear view depicts an entirely seamless design:



3

Not surprisingly, these features are absent from the accused product. The accused product

sheathes the central structural rod above the lateral cross-piece and thus eliminates any cross

design/pocket design at the tail section (See, Dkt. 46-2, Page ID #823):



Indeed, the front view of the accused design incorporates a distinctive and obvious curved seam:



The accused product sews the tail onto the rear of the kite, once again leaving the clearly visible

horizontal and curved seams traversing the tail portion:



4

Accordingly, contrary to Plaintiff's characterization of the patented design as "the tail and the kite body is a **one-piece design**" (Dkt. 53, p. 2, emphasis added), the accused product is obviously two-piece design with seams and without a pocket.

The prior art likewise includes long rectangular tails.  The images of the Besra kite



confirm that it utilizes a long rectangular tail: (Dkt. 46-4).  While Plaintiff complains that the Besra kite tail is connected by a clip, that functional mechanism does not detract from the fact that Besra discloses a triangular kite with a long rectangular tail.  But in any case, CN30452766 also discloses a triangular kite with a long rectangular tail that is directly attached to the base of the kite as a one-piece design (Dkt. 46-7):



Plaintiff further points to a triangular flap on the rear view of the kite (Fig. 2, 8). This is literally the exact structure shown in the Besra Kite.  Plaintiff even highlights it:



5

The same design is included in the CN302607041 patent (Dkt. 46-6, Page ID #857):



.

The CN304572766 patent also includes the same triangle design (Dkt. 46-7, Page ID #861):



The ramification of the prior art disclosures is that it all impacts the way in which an ordinary observer would consider any ornamental design that may be present in the patent. The ordinary observer is familiar with all of these prior art designs, and thus necessarily discounts the importance of those common design features when assessing the overall design of the patent. It makes any features not disclosed by the prior art have a greater impact on the overall design and whether there could possibly be any likelihood of confusion. Here, when the totality of the design is considered in view of all the commonalities of the prior art to the designs in question, it is obvious that the patented design is directed to a more utilitarian aesthetic.

Indeed, rather than hiding the connections of the cross-struts, the '279 patent champions those elements as prominent design choices, and ensures that they are displayed in detail through the additions of blown-up images. These designs are shown in dark, solid lines and are visible throughout the patent. The choice to expose those connections and struts marks a distinctly

6

different design choice from the sleek, hidden connections of the Besra kite and the accused product giving the '279 design a plainly dissimilar overall appearance from the accused product.

### III.     Plaintiff Fails to Show ANY of the Design Features Highlighted by Figures 8, 9, 12, 14, 15, 16, 17 and 18

Even though the Besra kite, CN302607041, and CN304572766 all do not appear to include clip structures that wrap around the kite framing such that they are visible on both the front and rear sides of the kite, Plaintiff completely ignores those design features when listing out the supposedly novel features of its design. Indeed, while the patent highlights all of them in separate figures, not once does Plaintiff ever identify any portion of the accused product that even arguably includes any similar design elements.

Rather than focusing on the designs that actually matter—i.e. the prior art designs, patented design, and accused product—Plaintiff cites to some type of brush and a kitchen caddy. Plaintiff's argument is a prototypical non-sequitur. The fact that two designs for *other* products and *other* patents might possibly be similar is totally irrelevant. Also, Plaintiff fails to show any of the other images from those design patents and there is no discussion of the scope of the prior art (which necessarily frames the infringement question). Just as there may be cases where judgement on the pleadings was denied, so too, the court in this district has found designs cannot possibly infringe asserted design patents and dismissed the claims at the pleading stage. See *Grill Rescue LLC d/b/a Rescue LLC v. Individuals, Corps., Ltd. Liab. Companies, Partnerships*, No. 23-CV-15984, 2026 WL 483304, at *3 (N.D. Ill. Feb. 20, 2026) granting Rule 12(c) motion of non-infringement in view of the following:



Just because the court may have denied a motion in another case has no bearing on whether Plaintiff has failed to show that that any ordinary consumer would confuse Plaintiff's design, which includes all of the following design features:



with the accused product that does not include any of those design features. Due to their total absence, not to mention the different wing-tip designs, wing curvature, and tail designs, the totality of the design of the accused product is plainly dissimilar from the patented design such that an ordinary observer familiar with the prior art could not mistake the two.

By completely ignoring the various design elements that the inventor intentionally called out in multiple drawings, Plaintiff commits the cardinal sin of over generalization. It is exactly what the Federal Circuit admonished in *Ethicon* stating: "[s]imilarity at [a] conceptual level,

however, is not sufficient to demonstrate infringement of the claimed designs." 796 F.3d 1336. Contrary to Plaintiff's ignoring the majority of the patent figures, the Federal Circuit continues to reiterate that "[o]ur precedent makes clear that **all** of the ornamental features illustrated in the figures **must** be considered in evaluating design patent infringement." *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1241 (Fed. Cir. 2009), emphasis added, citing *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1377 (Fed. Cir. 2002), *abrogated on other grounds by Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008).

Here, the ordinary observer would be familiar with the prior art, such as the Besra kite and the CN302607041 kite. The ordinary observer would know that the Besra kite has uniform, sleek, straight lines along the wings without any ornaments wrapping around the wings and no ornaments that are visible from both the front and rear, and the ordinary observer would also be aware of alternative designs like the CN302607041 kite which includes projections:



The accused product frame is identical to the Besra Kite in its outline. Each included perfectly straight sides without any ornaments wrapping around the wing edges:



9

This sleek, minimalist design is immediately recognizable and clearly distinct from the more utilitarian approach of the '279 patent with its obvious, chunky connection adornments that are visible from the front and rear (and highlighted as design features):



.

### IV.   The Besra Kite

Plaintiff's commentary about the Besra Kit is misleading at best. Inexplicably, Plaintiff states that the Besra Kite has a triangular member on the front and rear sides. There is nothing to support such a statement. The photographs of the kite in Plaintiff's brief all show the rear of the kite, just as shown in figures 2 and 8 of the '279 patent. The only difference is that in one image, the translucent nylon of the kite exhibits the shadow of a structural crossbeam.

Furthermore, the question is not whether the Besra kite is anticipatory prior art under 35 U.S.C. §102. This Court asked whether the Besra kite was prior art at all. By law, a reference is prior art if it was sold, on-sale, or published more than one year before the filing date of the patent. Such references are prior art for everything they teach, whether it be anticipation or as part of an obviousness analysis (see 35 U.S.C. §103), or simply to inform the ordinary consumer of what prior art exists in the world. *See EWP Corp. v. Reliance Universal Inc.*, 755 F.2d 898, 907 (Fed. Cir. 1985) (a "reference must be considered for everything it *teaches* by way of technology"). There can be no dispute that the Besra kite is prior art, and Plaintiff's attempt to side-step the issue by only referring to §102 speaks volumes.

**V.      Defendant's Kite**

Plaintiff's complaints regarding the accused product are confusing to say the least. Plaintiff's Complaint contains photographs of the accused product as does Defendant's motion. It is unclear what the purpose of the product listing images is supposed to be. None of those product listings are included in the Complaint.

Moreover, images are not products. Products are products. Both the complaint and Defendant's motion provide copious images of the accused *products*. That is all that is at issue. Indeed, Plaintiff also does not argue that somehow the design depicted in the images (if made into a physical form) would somehow infringe.

Last, Plaintiff's assertion that Defendant's exhibits must be disregarded in consideration of a motion under Ruel 12(b)(6) is wrong. Exhibit 1 (which Plaintiff asserts must be excluded) are the patent and its file history. They are hardly "extraneous." Exhibit 2 is photographs of the accused product. Again, it is the exact subject matter of the complaint. Exhibits 3-5 are simply the material already cited by the Examiner in the examination of the patent when the Examiner cited to the Besra kite. Exhibits 6-7 are each prior art patents. As Plaintiff pointed out in its opening brief, the Federal Circuit has held that the court may take judicial notice of published patents, even those not formally before the court, under Fed.R.Evid. 201(b) & (c). See *Pepitone v. Am. Standard, Inc.*, 983 F.2d 1087, n. 1 (Fed. Cir. 1992). Additionally, the court may take judicial notice of things of common knowledge and used throughout the country. *Brown v. Piper*, 91 U.S. 37, 43 (1875). Defendant cites no authority to the contrary.

## VI.   CONCLUSION

There are no disputed facts.  Applying the law as dictated by the Federal Circuit, the accused product and the design of the '279 patent are plainly dissimilar such that an ordinary consumer, familiar with the prior art, would not mistake one design for the other.

Dated: May 22, 2026 Respectfully submitted,

/s/ Matthew De Preter
Matthew De Preter
ARONBERG GOLDGEHN DAVIS &
GARMISA
225 W. Washington St. Suite 2800
Chicago, IL 60606
312-755-3139
***One of the Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.


Dated: 5/22/2026                                   */s/ Matthew De Preter*
                                                          Attorney for Defendant