**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Juncheng Kao | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 8491 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Hengda Kite, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Juncheng Kao owns a design patent for a kite and brought suit against Defendant Hengda Kite for patent infringement. Defendant moves to dismiss. For the reasons stated below, Defendant's motion to dismiss is denied.

### Legal Standard

A Rule 12(b)(6) motion "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A complaint must provide "a short and plain statement of the claim" and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citations omitted). Facial plausibility exists when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the ground upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). In deciding a motion to dismiss, the Court "accept[s] the well-pleaded facts in the complaint as true and draw[s] reasonable inferences in the plaintiff's favor." *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024).

**Background**

Plaintiff owns U.S. Design Patent No. D967,279S entitled "Kite." R. 46-1. Depicted below is a screenshot from Plaintiff's complaint that compares drawings in the '279 Patent with photographs of Defendant's kite. R. 42 at 2.



2

**Discussion**

In determining whether design patent infringement occurred, courts consider "whether an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008). "It is not unheard of for a district court to grant a motion to dismiss a design infringement claim, finding that the plaintiff has not plausibly alleged that the ordinary observer would be deceived." *Midwest Goods Inc. v. Breeze Smoke LLC*, 2024 WL 2785066, at *5 (N.D. Ill. May 30, 2024). "However, because design patent infringement is a question of fact, such instances require the claimed design and the accused design to be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear substantially the same to the ordinary observer." *Pickuls Gizmo Ltd. v. Partnerships*, 2026 WL 926401, at *2 (N.D. Ill. Apr. 6, 2026) (citations omitted). "Courts ordinarily do not dismiss a sufficiently pled patent design infringement claim based on a comparison of the subject designs, unless the claimed design and accused product are so plainly dissimilar that it is implausible that an ordinary observer would confuse them." *Trove Brands, LLC v. TRRS Magnate LLC*, 2025 WL 776563, at *4 (E.D. Cal. Mar. 11, 2025) (citations omitted).

Defendant argues that the '279 Patent and Defendant's product are "plainly dissimilar" for the following reasons: (1) the '279 Patent depicts wings with "a significantly more accentuated and defined curve" along the bottom; (2) the '279 Patent depicts an inward curvature at the wingtip while Defendant's product has an outward curvature; (3) the '279 Patent depicts a uniform transition from the kite to the tail while the Defendant's product has a "distinct, curved border"; and (4) the connection mechanism is distinct as shown below. R. 46 at 11–14.

3



**FIG 24**: Connections Claimed in the '279 Patent

**FIG 25**: Hengda Kite's Connections

Defendant has identified isolated differences between the two kites. But these differences in isolation do not make the overall designs so plainly dissimilar that it is implausible an ordinary observer would confuse them. *See Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1131 (Fed. Cir. 2019) (citations omitted) ("An ordinary observer is deceived by an infringing design as a result of similarities in the overall design, not of similarities in ornamental features considered in isolation."); *See Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) ("An element-by-element comparison, untethered from application of the ordinary observer inquiry to the overall design, is procedural error.").

Here, the overall designs—a triangular kite with wings that curve at the bottom, a fin on the top, a vertical and horizontal cross bar on the back, and similar tail—convey a similar aesthetic. Whether the differences that Defendant identifies will ultimately carry the day to defeat a finding of infringement is an analysis that is more appropriate for summary judgment, not a motion to dismiss.

Defendant also argues that "Plaintiff fails to provide an adequate comparison of the accused product to the patent at issue." R. 46 at 6. But a "plaintiff is not required to plead infringement on an element-by-element basis." *Adnexus Inc. v. Meta Platforms, Inc.*, 160 F.4th 1216, 1221 (Fed. Cir. 2025) (citations omitted). "Instead, it is enough that a complaint places the alleged infringer on notice of what activity is being accused of infringement." *Id.* And here, Plaintiff does exactly that. Plaintiff identifies the '279 Patent, provides photographs of specific products sold by Defendant that allegedly infringe the '279 Patent, and asserts that Defendant's products are "materially identical" to the '279 Patent. R. 42 at 2, 9. This is enough to put Defendant on notice and "[a]dditional written descriptions of how [Defendant's] products infringe the ['279] Patent is not required. *Pickuls Gizmo*, 2026 WL 926401 at *2. At this stage, Plaintiff's allegations are enough to state a claim.

### Conclusion

For the reasons stated above, Defendant's motion [45] to dismiss is denied. By 6/3/26, the parties shall submit a joint status report setting forth proposed next steps and related deadlines for this case. The parties shall also indicate whether they have pursued or are open to settlement discussions.

**SO ORDERED.**                                    **ENTERED: May 26, 2026**

**HON. JORGE L. ALONSO**
**United States District Judge**

5