# HENGDA KITE MOTION TO CORRECT THE RECORD
## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUNCHENG KAO,<br><br>       Plaintiff,<br><br>  v.<br><br>HENGDA KITE,<br><br>       Defendant. | Case No. 1:25-cv-08491<br><br>Judge: Hon. Jorge L. Alonso<br>Magistrate Judge: Jeffrey T. Gilbert |

NOW COME, Defendant Weifang Hengda Kite Manufacturing Co., Ltd. (a.k.a. Hengda Kite), and moves this Court to correct the record respecting Plaintiff's falsely titled "Joint Status Report" Dkt. 56. It further include a false "Attestation of Signature." The document does not represent a joint filing. Instead, it is Plaintiff's unilateral filing that was not reviewed or approved by Defendant before submission. Defendant requested that Plaintiff correct the filing, but Plaintiff refused, necessitating this motion. See Ex. A.

The facts are as follows: After the Court ordered the parties to file a joint status report [Dkt. 55], Defendant heard nothing from Plaintiff. On the morning of June 3, Defendant out to Plaintiff requesting a draft of the joint status report. See, Ex. A. Initially Plaintiff refused to provide one, but ultimately sent a draft that afternoon. Shortly after, Defendant responded with a redline of the initial draft for Plaintiff's review and comment. See Ex. B.

However, Plaintiff did not respond. Instead, Plaintiff modified the draft without Defendant's knowledge, deleted potions of Defendant's position and replaced them with false statements and spelling errors, include other incorrect remarks and then unilaterally filed the

1

document as a "Joint Status Report" without Defendant's permission or signature. [1] Specifically, as shown in Exhibit B, under the Settlement Discussions section, Defendant's position in its redline stated only "Defendant does not agree to an in-person settlement conference. Plaintiff has provided no settlement demand or broached the subject of settlement prior to the above statement, first received by Defendant at 12:54pm on June 3, 2026." However, Plaintiff unilaterally changed Defendant's position to falsely include "Defendant insists that Plaintiff must complete his statements before Defemamt [sic] will furnish his statement." See, Dkt. 56, p. 6.

Additionally, under Proposed Case Management Schedule, Plaintiff states that "Defendant refuses to provide its proposal" respecting dates. That is also wrong. Defendant's redline does not include any dates under that section because Defendant had no objection to Plaintiff's proposed dates.

WHEREFORE, while the undersigned regrets needing to make this filing, it was of utmost concern to counsel for Defendant that a document was filed with his apparent authority when no such authority was given. Defendant requests that this Court grant this motion and correct the record to reflect that Dkt. 56 is Plaintiff's Proposed Status Report.

Respectfully Submitted,

DATED: June 3, 2026                                   **ARONBERG GOLDGEHN**

By: */s/ Matthew De Preter*
Matthew L. De Preter
cdepreter@agdglaw.com
225 W. Washington Street
Suite 2800
Chicago, IL 60606
312-755-3153
*Attorneys for Defendant*

---

[1] As Plaintiff has done in the past, Plaintiff again violated Rule 11 by not even applying any attorney signature to the filing.

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2026 a true and correct copy of the foregoing was filed electronically with the Clerk of the Court through the Court's CM/ECF System, which will provide electronic notification of such filing to all attorneys of record.

/s/ *Matthew De Preter*
Matthew De Preter
*One of the Attorneys for Defendant*

3