# EXHIBIT B

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

JUNCHENG KAO,

      Plaintiff,

    v.

HENGDA KITE,

      Defendant.

Case No. 1:25-cv-08491

Judge: Hon. Jorge L. Alonso

Magistrate Judge: Jeffrey T. Gilbert

## JOINT STATUS REPORT

Pursuant to the Court Order dated May 26, 2026 [Dkt. 55], the parties are to submit a status report no later than June 3, 2026. The parties, Plaintiff Juncheng Kao and Defendant Weifang Hengda Kite Manufacturing Co., Ltd. (a.k.a. Hengda Kite) submit the following status report.

    **I.       Nature of the Case**

      **A. Attorneys of Record**

For Plaintiff Juncheng Kao, the attorneys of record are

Zheng Andy Liu
Andy.Liu@AptumLaw.us
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
650-475-6289

For Defendant:

1

Matthew L. De Preter
cdepreter@agdglaw.com
225 W. Washington Street
Suite 2800
Chicago, IL 60606
312-755-3153

### B. Nature of the Claims

**<u>Plaintiff's/Joint Statement</u>**

The causes of action Plaintiff allege are

  (1) Direct and Indirect design patent infringement of U.S. Patent Number D

  967,279S

 Plaintiff seeks the following:

  (1) Declaratory Judgment of infringement by Defendant;

  (2) Damages for past and post-complaint infringement;

  (3) Accounting of all infringing sales;

  (4) Order to restrain Defendant of its infringement activities;

  (5) Treble damages for willful infringement;

  (6) A finding that this case is exceptional under 35 U.S.C. § 285; and

  (7) Pre-judgment and post-judgment interest.

Defendant's Claims and Defenses

(7)    Defendant's Answer is due June 9, 2026.   At present, Defendant intends to

assert affirmative defenses of unclean hands, unjust enrichment, and invalidity.

Defendant further intends to bring counterclaims for declaratory judgment of

invalidity, unenforceability, and noninfringement. Defendant reserves the right to bring additional affirmative defenses and counterclaims.

### C. Major Issues

**Plaintiff's/Joint Statement**

(1) Infringement of the Asserted Patent;

(2) Validity of the Asserted Patent;

(3) Enforceability of the Asserted Patent; and

(4) Amount of damages Plaintiff Kao may recover from infringement.

(4) Defendant Asserts that further issues involve attorneys fees owed by Plaintiff to Defendant under at least 35 USC § 285.

### D. Reliefs Sought

**Plaintiff's/Joint Statement**

Relief sought by Plaintiff:

(1) A declaration that Defendants have infringed the '279 patent literally and/or under the doctrine of equivalents;

(2) Damages adequate to compensate Plaintiff for Defendant's past infringement and any post-Complaint infringement, which shall be no less than a reasonable royalty, including interest, costs, and disbursements under 35 U.S.C. § 284 and, if necessary, to adequately compensate Plaintiff for Defendant Hengda Kite's infringement;

(3) An accounting of all infringing sales including sales not presented at trial;

3

(4) An order that Defendant Hengda Kite be permanently restrained and enjoined from making, using, selling, offering to sell, and/or importing into the United States the Accused Products;

(5) Treble damages based on any infringement found to be willful pursuant to 35 U.S.C. § 284;

(6) A finding that this case is exceptional under 35 U.S.C. § 285 and such enhanced damages as costs and attorney's fees;

(7) Pre-judgement and post-judgement interest; and

(8) Any such further relief as this Court deems just and proper under the circumstances.

Defendants Assert the following Rrelief sought by Defendant (based on Defendant's Motion to Dismiss for failure to state a claim):

(1) A declaration that the patent is invalid;

(2) A declaration that the patent is not infringed;

(3) A declaration that Plaintiff engaged in inequitable conduct and that the patent is unenforceable;

(4) an award of attorney fees under 35 USC § 285;

(1)(5) A declaration that Plaintiff is not entitled to a finding of willfulness or enhanced damages in any event as such determinations and awards are not permitted by law for design patentsAn order dismissing the complaint with prejudice; and

4

~~(2)~~(6)    Awarding Defendant any further relief this Court deems just and proper.

## II.    Subject Matter Jurisdiction

**Plaintiff's/Joint Statement**

This Court has original subject matter jurisdiction over Plaintiff's claims in this action pursuant to the provisions of the United States Patent Act, 35 U.S.C. § 1, et. seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

## III.    Status of Service

**Plaintiff's/Joint Statement**

Defendant was properly served and has appeared in the case.

## IV.    Consent to Proceed Before a United States Magistrate Judge

**Plaintiff's/Joint Statement**

Plaintiff agrees to proceed before a Magistrate judge.

Defendant does not agree to proceed before a Magistrate at this time.

## V.    Motions

### a.  Pending Motions

**Plaintiff's/Joint Statement**

There are no pending motions. Plaintiff may renew his motion for TRO and preliminary injunction.

Defendant does not consent to Plaintiff's renewal of its motion for TRO or preliminary injunction.

### b. Response to Complaint

**<u>Plaintiff's/Joint Statement</u>**

Defendant has not yet filed an answer to Plaintiff's Complaint.

<u>Defendant's answer and counterclaims are due on June 9, 2026</u>

## VI.   Settlement Discussions

**<u>Plaintiff's/Joint Statement</u>**

Plaintiff proposes an early, in-person settlement with a Magistrate judge in August 2026.

<u>Defendant does not agree to an in-person settlement conference. Plaintiff has provided no settlement demand or broached the subject of settlement prior to the above statement, first received by Defendant at 12:54pm on June 3, 2026.</u>

## VII.   Disclosures and Discovery Pursuant to Local Patent Rules

**<u>Plaintiff's/Joint Statement</u>**

Plaintiff acknowledges that the requirements of the Local Patent Rules apply to this case.

## VIII.  Proposed Case Management Schedule

| Event | Plaintiff's Request | Defendant's Request | Court's Order |
|---|---|---|---|
|  |  |  |  |

| Event | Plaintiff's Request | Defendant's Request | Court's Order |
|---|---|---|---|
| Initial Disclosures of Both Parties | 07/17/2026 | | |
| Initial Infringement Contentions (LPR 2.2) (14 days after Initial Disclosures) | 08/01/2026 | | |
| Initial Non-Infringement, Invalidity, and Unenforceability Contentions (LPR 2.3) (14 days after Initial Infringement Contentions) | 08/15/2026 | | |
| Initial Response To Invalidity Contentions (LPR 2.5) (14 days after Initial Non-Infringement, Invalidity, and Unenforceability Contentions) | 08/29/2026 | | |
| **Event** | **Plaintiff's Request** | **Defendant's Request** | **Court's Order** |
| Final Infringement, Unenforceability, and Invalidity Contentions (LPR 3.1) (21 weeks after Initial Infringement Contentions) | 09/19/2026 | | |

7

| Event | Plaintiff's Request | Defendant's Request | Court's Order |
|---|---|---|---|
| Final Non-infringement, Enforceability and Validity Contentions (LPR 3.2) (28 days after Final Infringement Contentions) | 10/16/2026 | | |
| Exchange of Claim Terms Needing Construction and Proposed Construction (LPR 4.1) (14 days after Final Non-Infringement Contentions) | 10/30/2026 | | |
| Opening Claim Construction Brief (LPR 4.2(a)) (35 days after Exchange of Claim Terms) | 12/04/2026 | | |
| Responsive Claim Construction Brief (LPR 4.2(c)) (28 days after Opening Claim Construction Brief) | 1/02/2027 | | |
| Reply Claim Construction Brief (LPR 4.2(d)) (14 days after Responsive Claim Construction Brief) | 1/16/2027 | | |
| **Event** | **Plaintiff's Request** | **Defendant's Request** | **Court's Order** |

| Joint Claim Construction Chart (LPR 4.2(f)) (7 days after Reply Claim Construction Brief) | 1/23/2027 | | |
|---|---|---|---|
| Claim Construction Hearing (LPR 4.3) (28 days after Reply Claim Construction Brief) | 02/20/2027 | | |
| Claim Construction Ruling | To Be Determined by Court | | |
| Close of Fact Discovery (LPR 1.3) | 42 days (6 weeks) after Claim Construction Ruling | | |
| Expert Reports of Parties with Burden of Proof (LPR 5.1(b)) | 21 days (3 weeks) after close of fact discovery | | |
| Rebuttal Expert Reports (LPR 5.1) | 35 days (5 weeks) after initial expert reports | | |
| Completion of Expert Witness Depositions (LPR 5.2) | 35 days (5 weeks) after rebuttal expert reports | | |
| Final Day for Filing Dispositive Motions (LPR 6.1) | 28 days (4 weeks) after close of all discovery | | |
| Case Ready for Trial | 20 weeks after Filing Dispositive Motions | | |

## IX.  Other Items

**Plaintiff's** **Statement/Joint Statement**

(1) Plaintiff asserts that Aanything shown or told to a testifying expert relating to the issues on which he or she opines, or to the basis or grounds in support of or countering the opinion, is subject to discovery by the opposing party.

(2) Plaintiff Kao asserts agrees that drafts of expert reports will be retained and produced;

(3) In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

(4) Plaintiff Kao asserts agreesthat the video "An Introduction to the Patent System" distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

**Defendant's Statement**

(1) Defendant disagrees and objects to Plaintiff's statement respecting expert discovery. Defendant asserts that Federal Rule of Civil Procedure 26(b)(4) and the case law interpreting it control the discoverability of any expert material.

(2) Defendant objects to Plaintiff's contention regarding drafts of expert reports and asserts that Federal Rule of Civil Procedure 26(b)(4) and the case law interpreting it control the discoverability of any expert material;

~~(4)~~(3) Defendant does not agree that video "An Introduction to the Patent System" distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.   This is a design patent infringement case and the video is unnecessary.

Respectfully submitted,

DATED: June 3, 2026

By:      /s/

Zheng Liu
andy.liu@aptumlaw.us
Aptum Law
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
650-475-6289

*Attorneys for Plaintiff Juncheng Kao*

DATED: June 3, 2026

**ARONBERG GOLDGEHN**

By:

Matthew L. De Preter
cdepreter@agdglaw.com
225 W. Washington Street
Suite 2800
Chicago, IL 60606
312-755-3153

*Attorneys for Defendant*

1

1

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be filed using the Court's electronic filing system, which will serve all counsel of record.

Dated: June 3, 2026

_____

\*\*\*to be filled\*\*\*

## ATTESTATION OF SIGNATURE

The other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 3, 2026

_____

\*\*\*to be filled\*\*\*

1