# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUNCHENG KAO, | Case No. 1:25-cv-08491 |
| Plaintiff, | |
| v. | Judge: Hon. Jorge L. Alonso |
| HENGDA KITE, | Magistrate Judge: Jeffrey T. Gilbert |
| Defendant. | |

## <u>OPPOSITION TO DEFENANT'S MOTION TO CORRECT</u>

Defendant picks a fight to camouflage its own mistake. The vehicle to correct Defendant's own sloppiness and the resulting mistaken is for Defendant to file a notice of errata, not a motion to correct.

First, then Defendant accused Plaintiff of changing Plaintiff's own statement without Defendant's statement. Nonsense. Defendant put in his own positions under the heading "Plaintiff's /Joint Statement," which is not only sloppy but also confusing. Defendant cannot spent two section to create a section called "Defendant's Statement.:"

Second, Defendant should articulate its own position rather than accusing others of misunderstanding its unstated position. Defendant complains that Plaintiff misunderstood its position as to the proposed case schedule, because Defendant now

1

claims that it was agreeing with Plaintiff's proposal. But Defendant's own red line never says anything about this unstated agreement. Defendant simply left its portions completely out.

Third, Defendant insists that it must approve everything in the Sections entitled "Plaintiff's Statement" before Plaintiff filed with the Court. There is also no such rule, however. In fact, that is why there is a "Defendant's Statement" Section.

Fourth, Defendant insists that Plaintiff must first make a settlement demand that's different from the relief demanded in the complaint, because Defendant would respond. Again, there is no such rule.

Fifth, Defendant is too sloppy to even sign its own status report.

*Attorneys for Plaintiff Jinchong Xu*

DATED: June 3, 2026

**ARONBERG GOLDGEHN**

By: _____

Matthew L. De Preter
cdepreter@agdglaw.com
225 W. Washington Street
Suite 2800
Chicago, IL 60606
312-755-3153

*Attorneys for Defendant*

In sum, the correct procedural vehicle to correct Defendant's own sloppiness being a notice of errata. Defendant's motion to correct is own error and unstated positions should be denied.

Respectfully submitted,


DATED: June 3, 2026


By: _____/s/_____

Zheng Liu
andy.liu@aptumlaw.us
Aptum Law
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
650-475-6289

*Attorneys for Plaintiff Juncheng Kao*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be filed using the Court's electronic filing system, which will serve all counsel of record.

Dated: June 3, 2026

<u>          /s/          </u>

Zheng Liu