**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Juncheng Kao, | |
| Plaintiff, | Case No. 25-cv-08491 |
| v. | Jury Trial Demand |
| Weifang Hengda Kite Manufacturing Co., Ltd. (d.b.a Hengda Kite) | |
| Defendant. | |

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR DESIGN PATENT INFRINGEMENT**

Defendant, Weifang Hengda Kite Manufacturing Co., Ltd. (d.b.a Hengda Kite), by their

attorneys, Aronberg Goldgehn Davis & Garmisa, and as and for their Answers to the First

Amended Complaint, state as follows:

**THE DESIGN PATENT INFRINGEMENT**

1.      A side-by-side comparison between Plaintiff's patented design and Defendant

Hengda Kite's product (front and back sides) is shown below.



1

**ANSWER**:     Defendant admits that the image shows a first figure from the '279 patent adjacent to one image of Defendant's product and a second figure from the '279 patent adjacent to a second image of Defendant's product. All else is denied.

## THE PARTIES

2.     Plaintiff Juncheng Kao is a Chinese citizen residing in China.

**ANSWER**:     Defendant has insufficient information regarding this statement and therefor it is denied.

3.     U.S. Patent No. D967,279S (the "'279 patent") entitled "Kite" was duly and legally issued by the U.S. Patent and Trademark Office on October 18, 2022. Plaintiff owns all rights, title, and interest in and to the '279 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for any infringement thereof.  A true and correct copy of the '279 patent is attached as Exhibit A.

**ANSWER**:     Defendant has insufficient information regarding this statement and therefor it is denied.

4.     Defendant Hengda Kite is a limited company organized under the laws of China with its principal place of business located at Room 502, Unit 4, Building 4, No. 380 Yuanfei Road, Kuiwen District, Weifang City, Shandong Province, China, 261000.

**ANSWER**:     Denied.

## JURISDICTION AND VENUE

5.     This is a design patent infringement case arising under the Patent Laws of the United States of America, Title 35, United States Code §§ 100, et seq.

**ANSWER**:     This call for a legal conclusion requiring neither admission nor denial.

6.     Subject-matter jurisdiction over Plaintiff's claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

**ANSWER**:     This call for a legal conclusion requiring neither admission nor denial.

7.     This Court has personal jurisdiction over Defendants because Defendant Hengda Kite regularly conducts business in Illinois, including this District, at least by marketing, supplying, distributing, selling, and/or offering to sell accused puzzle boards through Amazon.com to Illinois residents. As alleged herein, Defendant Hengda Kite has committed acts of patent infringement giving rise to this action within this District.

**ANSWER**:     Denied.

8.     This Court has personal jurisdiction over Defendant Hengda Kite also because Defendant Hengda Kite has consented to the personal jurisdiction of this Court by filing a Rule 12(b)(6) defense without a Rule 12(b)(2) defense.

**ANSWER**:     Denied.

9.     Venue is proper under 28 U.S.C. § 1391(c)(3) because Defendant Hengda Kite is not a resident of the United States and therefore may be sued in any district, including this District; and because Hengda Kite has consented to the venue of this Court by filing a Rule 12(b)(6) defense without a Rule 12(b)(3) defense.

**ANSWER**:     This call for a legal conclusion requiring neither admission nor denial.

### INACCESSABILITY OF CHINESE DESIGN PATENT AS PRIOR ART

10.     Based on expert opinion obtained by Plaintiff, the Chinese design patents (CN302607041 and CN304572766) identified by Defendant Hengda Kite were not publicly accessible to a Person Of Ordinary Skill In The Art POSITA before June 17, 2021.

**ANSWER**:     Denied.

11.     While these references may have been present in China National Intellectual Property Administration (CNIPA)'s systems, their discoverability by a POSITA before June 17, 2021, was practically impossible because:

3

- Minimal searchable text: The design patents are primarily image-based and contain little textual content that could provide any meaningful way to locate them;

- Lack of English translations: The absence of English translations for the title, assignee and inventor information at the time of publication; and

- Limited indexing: CNIPA's indexing capabilities were keyed primarily to Chinese-language bibliographic fields, preventing effective retrieval through searches.

**ANSWER**:    Denied.

12.    CNIPA's search interface before 2021 did not meaningfully support discovery of unknown references. The interface only allowed Chinese-language searching and locating a document typically required:

- The exact publication number;

- The applicant's name in Chinese;

- Relevant Chinese-language keywords; or

- Knowledge of the relevant classifications and sifting through large numbers of entries.

**ANSWER**:    Denied.

13.    Without this specific information, a POSITA using customary search methods would not have retrieved the documents at issue.

**ANSWER**:    Denied.

14.    The situation is comparable to an online repository where a POSITA could only find a document by browsing through large lists indexed by non-intuitive fields or by using an

4

advanced search that does not reliably return results. Under such circumstances, the document is not publicly accessible, even though it is technically posted online.

**ANSWER**:    Denied.

15.    For Chinese design patents, the accessibility problem is even more acute.  These documents are largely image-based with minimal text. As a result, there is no meaningful keyword search path. A POSITA seeking prior art would have had no way to identify these documents through customary search methods unless they already possessed the specific filing details. In practical terms, discovery of these references would have required preexisting knowledge, not reasonable diligence.

**ANSWER**:    Denied.

16.    Indeed, aside from sparse bibliographic data, the textual content of the Chinese design patents at issue is too generic to provide any searchable description of distinctive features.

**ANSWER**:    Denied.

17.    For example, the specification of CN302607041 describes that the applied- for design was for "toys or ornaments," rather than an actual kite. For another example, CN304572766 is described confusing a "Kite (Grassland)." Such vague label does not identify or describe the particular ornamental features claimed in the designs, nor do they provide sufficient textual information that would allow a POSITA to locate the design patents through keyword searching.

**ANSWER**:    Denied.

18.    If a POSITA were to use the generic terms "kite" ("风筝" if using the terms found in the titles of the design patents) as a keyword input for Chinese designs published prior to June 17, 2021, the number of hits returned would be in excess of 78,240, most of which are utility

patents merely including the keyword "kite" (or "风筝") but have little to do with designs of an actual kite.

**ANSWER**:    Denied.

19.    Conducting a review of this number of documents obviously falls well outside the realm of reasonable diligence.

**ANSWER**:    Denied.

## UNTRUSTWORTHINESS OF AMAZON PRODUCT PAGES AS PRIOR ART

20.    Regarding the Amazon references identified by Xianghuo, an Amazon seller can modify a product page at any time. As a result, an Amazon product page can change significantly over time as different sellers update or even completely repurpose their listings. Sellers may alter product titles, descriptions, model numbers, images, and features to reflect new or entirely different products, all while keeping the same page URL. Consequently, a product page that once displayed a specific product may later display an entirely unrelated product, which can be misleading when reading customer reviews. Therefore, the images, description and reviews in these listings are unreliable as sources of prior art. Such search experts as Mr. Craig Jimenez from Global Prior Art, Inc. (GPA), a full-service patent research firm founded in 1982, has been frequently asked to ascertain the reliability of such claimed prior art, but Mr. Jimenez has testified to federal court that "[he] would never present current Amazon product pages such as these as a source of reliable prior art to a client."

**ANSWER**:    Denied.

21.    Academic research confirms this dynamic nature of Amazon product listings. For example, a published study of Amazon's "review hijacking" practices explains how sellers can hijack existing product pages and replace their details—title, description, and images—with those

6

of a different product, while retaining the earlier reviews. This shows that Amazon product pages are unstable over time and therefore not trustworthy as prior art.

**ANSWER**: Denied.

22. Attached hereto as Exhibit A is a true and correct copy of the article entitled Identifying Hijacked Reviews, arXiv preprint (2021), available at https://arxiv.org/pdf/2107.05385.

**ANSWER**: Defendant has insufficient information regarding this statement and therefor it is denied.

## FIRST CLAIM FOR RELIEF
### (Direct Patent Infringement)

23. Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth here.

**ANSWER**: Defendant incorporates its prior responses herein.

24. Defendant Hengda Kite, under 35 U.S.C. § 271(a), has directly infringed and continue to directly infringe, literally, under the doctrine of equivalents, or both, the designs protected by the '279 patent by making, using, selling, offering to sell, and/or importing into the United States the following materially similar kites under different brand names, versions, or both (former, current, or future):

| Defendant | Amazon Store Name | ASIN(s) |
|---|---|---|
| Defendant Weifang Hengda Kite Manufacturing Co., Ltd. (d.b.a. Hengda Kite) | Kengda Kite | B0DGKZNGHD |

**ANSWER**: Denied.

25.     These kites are identified by Defendant seller and corresponding Amazon store name and Amazon Standard Identification Number ("ASIN"). The kites identified above and all materially similar kites under different brand names and/or versions (former, current, or future) are collectively referred to as the "Accused Products."

**ANSWER**:     Defendant has insufficient information regarding this statement and therefor it is denied.

26.     The Accused Products are materially identical to the '279 patent.  Defendant Kengda Kite's infringement of the '279 patent is willful. Defendants knew about the '279 patent and nevertheless copied the patented design without authorization. Defendant Kengda Kite knew of the '279 patent before the filing of this Complaint because (i) they have long sold kite products, (ii) knew the popular kite designs on the market, including the designs patented in the '279 patent, and (iii) Defendant Kengda Kite continued manufacturing, selling, and offering for sale, the Accused Products.

**ANSWER**:     Denied.

**SECOND CLAIM FOR RELIEF**
**(Indirect Patent Infringement)**

27.     17.[sic] Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth herein.

**ANSWER**:     Defendant incorporates its prior responses herein.

28.     27.[sic] Upon information and belief, Defendants knew about the '279 patent and nevertheless copied the patented design without authorization. Defendant Kengda Kite's infringement of the '279 patent is willful. Defendants knew about the '279 patent and nevertheless copied the patented design without authorization. Defendant Kengda Kite knew of the '279 patent before the filing of this Complaint because (i) they have long sold kite products, (ii) knew the popular kite designs on the market, including the designs patented in the '279 patent, and (iii)

Defendant Kengda Kite continued manufacturing, selling, and offering for sale, the Accused Products.

**ANSWER**: Denied.

29. 18.[sic] Defendant Kengda Kite, pursuant to 35 U.S.C. § 271(b), knowingly and intentionally actively induced the infringement of the patented designs as shown in the '279 patent by instructing and otherwise encouraging customers of the Accused Products to make and use the Accused Products.

**ANSWER**: Denied

## DAMAGES

30. 25.[sic] On information and belief, 35 U.S.C. § 287(a) has been complied with at all relevant times.

**ANSWER**: Denied.

31. 26.[sic] Plaintiff has sustained damages as a direct and proximate result of Defendant Kengda Kite's infringement of the '279 patent.

**ANSWER**: Denied.

32. 27.[sic] Because of Defendant Kengda Kite's past infringement of the '279 patent, Plaintiff is entitled to the recovery of past damages in the form of, at a minimum, a reasonable royalty.

**ANSWER**: Denied.

33. 28.[sic] Because of Defendant Kengda Kite's continued and future infringement of the '279 patent, Plaintiff is entitled an injunction preventing Defendant Kengda Kite from making, using, selling, offering to sell, and/or importing into the United States the Accused Products. In the alternative and in addition to injunctive relief, Plaintiff is entitled to royalties for any post-Complaint infringement by Defendant Kengda Kite of the '279 patent.

9

**ANSWER**:    Denied.

34.    29.[sic] Because Defendant Kengda Kite's infringement of the '279 patent has been and continues to be willful, Plaintiff is entitled to treble damages.

**ANSWER**:    Denied.

### PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment against Defendant Kengda Kite as follows:

A.    A declaration that Defendant Kengda Kite have infringed the '279 patent literally and/or under the doctrine of equivalents;

B.    damages adequate to compensate Plaintiff for Defendant Kengda Kite's past infringement and any post-Complaint infringement, which shall be no less than a reasonable royalty, including interest, costs, and disbursements under 35 U.S.C. § 284 and, if necessary, to adequately compensate Plaintiff for Defendant Kengda Kite's infringement,

C.    an accounting of all infringing sales including sales not presented at trial;

D.    an order that Defendant Kengda Kite's, be permanently restrained and enjoined from making, using, selling, offering to sell, and/or importing into the United States the Accused Products;

E.    treble damages based on any infringement found to be willful pursuant to 35 U.S.C. § 284;

F.    a finding that this case is exceptional under 35 U.S.C. § 285 and such enhanced damages as costs and attorneys' fees;

G.    pre-judgment and post-judgment interest; and

H.    any such further relief as this Court deems just and proper under the circumstances.

**ANSWER**: Defendant Denies that Plaintiff is entitled to any relief.

10

Affirmative Defenses

First Affirmative Defense: Invalidity

1. The '279 patent is directed to a generic kite.

2. The same style of kite has been known and on-sale for more than one year prior to the filing date of the '279 patent.

3. For example, the Besra Kite , and the CN 304572766 kite  were each disclosed more than one year before the '279 patent.

4. An ordinary designer would at least find design of the '279 patent anticipated or obvious in view of the prior art, including but not limited to the Besra Kite and CN304572766.

5. Additionally, the Accused Product was offered for sale and sold more than one year before the '279 patent was filed.

6. The '279 patent is invalid under 35 USC § 101 et seq. .

Second Affirmative Defense – Inequitable Conduct and Unclean Hands

7. There are a relatively small number of triangular kite manufacturers.

11

8. Defendant's product was well known in the industry at the time the Plaintiff filed its patent application.

9. In fact, Defendant's kite was being sold on Taobao.com at least as early as May of 2012.

10. On information and belief, Plaintiff knew of Defendant's design, and deliberately hid that knowledge from the USPTO during the patent prosecution process because the Defendant's design was material to the patentability of the '279 patent and would have prevented it from issuing.

11. Plaintiff committed inequitable conduct before the USPTO, has unclean hands, and is barred from recovery.

12

COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff Weifang Hengda Kite Manufacturing Co., Ltd. (d.b.a. Hengda Kite) ("Hengda" or "Counterclaim-Plaintiff") asserts the following Counterclaims against Plaintiff/Counterclaim-Defendant Juncheng Kao ("Kao" or "Counterclaim-Defendant"), and alleges as follows:

## I. THE PARTIES

1. Counterclaim-Plaintiff Hengda is Limited company organized under the laws of China with its place of business located at No. 3999, Tai Xiang West Street, Yandu Hui Zhi Industrial Park, Building 33, Weifang Economic Development Zone, Shandong Province.

2. On information and belief, Counterclaim-Defendant Kao is a Chinese citizen residing in China.

## II. JURISDICTION AND VENUE

3. These Counterclaims arise under the patent laws of the United States, Title 35, United States Code and specifically a design patent infringement case arising under the Patent Laws of the United States of America, Title 35, United States Code §§ 100, et seq.

4. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Subject-matter jurisdiction over Plaintiff's claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

5. Personal jurisdiction and venue are proper as to these Counterclaims because they arise out of the same case or controversy pled by Kao in this action and because the Court has personal jurisdiction and venue over the parties for the claims asserted in the First Amended Complaint.

13

6. Venue is proper under 28 U.S.C. § 1391 because Koa is not a resident of any state and has voluntarily submitted to the jurisdiction and venue of this court by filing suit in this district.

### III. THE '279 PATENT AND THE ACCUSED PRODUCT

6. Kao alleges ownership of U.S. Patent No. D967,279 S (the "'279 Patent") entitled "Kite," issued on October 18, 2022 based on Appl. No .: 29/795,185 Filed: June 17, 2021.

7. The sole claim of the '279 Patent recites: "The ornamental design for a Kite as shown and described," with broken lines forming no part of the claimed design.

8. Hengda sells kites through its Amazon store, including the kite identified by ASIN B0DGKZNGHD as depicted as follows:



9. The Hengda kite includes outwardly curved wings:



10. The Hengda Kite's structural connections are accomplished by tubular slots, covered by

flaps:



11. The Hengda kite includes a tail attached to the bottom:



15



12. The Hengda kite is plainly dissimilar from the design of the '279 patent which includes inwardly curved wings, bulky connections visible on both sides of the kite, and a uniform tail with pocket:



13. Indeed, the lack of any of these features in the Hengda kite renders the assertion of infringement by Kao frivolous.

14. The Hengda Kite was on sale on Taobao.com in May of 2012.

16

15. Other Prior art delta-style kites, including the Besra Rainbow Delta Kite and designs depicted in CN304572766 and CN302607041, all of which exhibit similar overall appearances and features relevant to the claimed design.

COUNTERCLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '279 PATENT

16. Hengda realleges and incorporates each of the foregoing paragraphs.

17. The Accused Product does not infringe, directly or indirectly, because the overall visual impression of the Accused Product is plainly dissimilar from the claimed design and no ordinary consumer could confuse one for the other.

18. By way of non-limiting example, the Accused Product lacks any of the feature of the '279 Patent that could contribute to its design, including at least the accentuated inward wing curvature and obvious C-clip connections that curve around the wing support bar and which are clearly visible from both the underside and top side of the kite.

19. The Accused Product's tail construction also differs materially from the claimed design, further contributing to a distinct overall visual impression in that the Hengda kite has a distinct curved border separates the kite and the tail rather than being uniformly formed and having a pocket in the tail.

20. Accordingly, Hengda is entitled to a declaratory judgment that it does not infringe, directly or indirectly, any valid claim of the '279 Patent.

COUNTERCLAIM II: DECLARATORY JUDGMENT OF INVALIDITY OF THE '279 PATENT

21. Hengda realleges and incorporates the forgoing paragraphs.

22. The claimed design is anticipated and/or renders obvious in view of the prior art, including at least the Besra Rainbow Delta Kite, CN304572766, and CN302607041, alone and/or in combination, and in light of the state of the art reflected in references cited during prosecution.

23. Additionally, the '279 patent is invalid as the accused product was on sale more than one year before the filing date of the '279 patent.

24. Thus, as Kao has accused the prior art of infringing the patent, the '279 patent is invalid.

25. Hengda kite is entitled to a declaration that the patent is invalid.

COUNTERCLAIM III: DECLARATORY JUDGMENT OF UNENFORCEABILITY

26. Hengda realleges and incorporates the foregoing paragraphs.

27. On information and belief, Kao was aware of the Hengda Kite and/or the Besra Rainbow Delta Kite, CN304572766, and CN302607041 kites during the prosecution of the '279 patent and deliberately withheld that information from the examiner with the knowledge that such information was material to the patentability of the '279 patent.

28. Kao's actions constitute inequitable conduct rendering the '279 patent unenforceable.

29. Hengda is entitled to a declaration that the '279 patent unenforceable

PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiff Hengda respectfully requests judgment in its favor and against Counterclaim-Defendant Kao as follows:

a) A declaration that Hengda does not infringe, directly or indirectly, any claim of U.S. Patent No. D967,279 S;

b) A declaration that U.S. Patent No. D967,279 S is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112;

18

c) A declaration that U.S. Patent No. D967,279 S is unenforceable for inequitable conduct;

d) An order declaring this an exceptional case and awarding Hengda its reasonable attorneys' fees and costs under 35 U.S.C. § 285;

e) Such other and further relief as the Court deems just and proper.

Dated:  June 10, 2026                                Respectfully submitted,

                                                     ARONBERG GOLDGEHN DAVIS & GARMISA


                                                     By: _____/s/ Matthew De Preter_____
                                                             Matthew De Preter
                                                             cdepreter@agdglaw.com
                                                             225 West Washington Street – Suite 2800
                                                             Chicago, IL  60606
                                                             312-828-9600

                                                             Attorney for Defendant,
                                                             Weifang Hengda Kite Manufacturing Co.,
                                                             Ltd. (d.b.a Hengda Kite)

19

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 10, 2026 a true and correct copy of the foregoing was filed electronically with the Clerk of the Court through the Court's CM/ECF System, which will provide electronic notification of such filing to all attorneys of record.

/s/ *Matthew De Preter*
Matthew De Preter
*One of the Attorneys for Defendant*

20