## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

JUNCHENG KAO,

)

)Civil Action No. :25-cv-08491
)

       Plaintiff )Judge: Hon. Jorge L. Alonso
)Magistrate Judge: Jeffrey T. Gilbert
)
)
Weifang Hengda Kite Manufacturing Co., Ltd.)
(d.b.a Hengda Kite) )
       Defendant )
)

## REPORT OF THE PARTIES' PLANNING MEETING

1. The following persons participated in a Rule 26(f) conference on June 17, 2026 by Video Conference:

Zheng Andy Liu
Andy.Liu@AptumLaw.us
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
650-475-6289

representing Plaintiff Juncheng Kao.

Constantine Koutsoubas
Aronberg Goldgehn
225 W. Washington Street, Suite 2800
Chicago, Illinois 60606
312-755-3181
dkoutsoubas@agdglaw.com

representing Defendant Weifang Hengda Kite Manufacturing Co., Ltd. (d.b.a Hengda Kite)

2.      Initial Disclosures. The parties will complete by July 17, 2026 the initial disclosures required by Rule 26(a)(1).

3.      Disclosures and Discovery Pursuant to Local Patent Rules. The parties acknowledge that the requirements of the Local Patent Rules apply to this case.

4.      Additional Discovery Plan. The parties propose the following in addition to the discovery plan and schedules addressed in the Local Patent Rules:

   (a)      Maximum number of interrogatories by each party to another party is twenty-five (25) with the responses due within thirty days after service. The last date Interrogatories can be served is February 17, 2027.

   (b)      The maximum number of requests for admission is one hundred (100) (not including RFAs related to document authentication) with the responses due within thirty days after service. The last date Requests for Admissions can be served is February 17, 2027.

   (c)      Maximum number of factual depositions by each party is three (3).

   (d)      Limits on the length of depositions is seven (7) hours.

   (e)      Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

5.      Alternative Discovery Plan. Not applicable

6.      Other Dates:

   (a)      The Parties will meet and confer after the Claim Construction Ruling to discuss the date for supplementation under Rule 26(e).

   (b)      The Parties will meet and confer after the Claim Construction Ruling to discuss the date if the parties ask to meet with the court before a scheduling order.

   (c)      The Parties will meet and confer after the Claim Construction Ruling to discuss the dates for pretrial conferences.

   (d)      Final dates for the plaintiff to amend pleadings or to join parties is January 1, 2027.

   (e)      The Parties will meet and confer after the Claim Construction Ruling to discuss the dates for defendant to amend pleadings or to join parties.

   (f)      The Parties will meet and confer after the Claim Construction Ruling to discuss the dates for submitting Rule 26(a)(3) witness lists, designations of

witnesses whose testimony will be presented by deposition, and exhibit lists.

(g) The Parties will meet and confer after the Claim Construction Ruling to discuss the dates for submitting objections under Rule 26(a)(3).

7. Other Items:

(a) Plaintiff has made a settlement offer with a specific amount. Defendant has also made a settlement demand that Plaintiff pay Defendant its attorneys' fees under 35 U.S.C. § 285.

(b) Plaintiff suggests in-person settlement conference with a Magistrate Judge, where counsel must appear in person while the parties may appear remotely, given that some parties are located in China. Defendant believes an in-person settlement conference is premature at this time given that the Parties themselves have just made their initial settlement demands.

(c) Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).

(d) In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

(e) The parties do not agree the video "The Patent Process: An Overview for Jurors" or any subsequent version of same distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

(f) The parties agree that the provisions of Sections 3A, B and C of the America Invents Act concerning the revisions to 35 U.S.C. §§102, 103 apply to all patents-in-suit in this case. In the event of disagreement, note the potential contention here:

(g) Per Local Patent Rule 3.5(b), the Parties advise that (1) the patent-in-suit (U.S. Patent No. D967,279 S) is eligible to be challenged at the USPTO by Defendant; (2) the form the challenge may take is inter partes review ("IPR"); (3) the latest date such a challenge is permitted to be made by Defendant is July 23, 2026; (4) the patent-in-suit has not been subject to

prior USPTO reviews (other than its initial prosecution); and (5) any other prior litigation history of the patents in suit and the status of the same.

(h) Whether each party has a drug or biologic application pending with the Food and Drug Administration ("FDA") that is the basis of the pending case: Not applicable.

(i) Other matters: None.

Date: June 17, 2026

/s/ Zheng Andy Liu

Zheng Andy Liu
Andy.Liu@AptumLaw.us
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
650-475-6289

Attorneys for Plaintiff Juncheng Kao.

Date: June 17, 2026

/s/ Constantine Koutsoubas

Constantine Koutsoubas
Aronberg Goldgehn
225 W. Washington Street, Suite 2800
Chicago, Illinois 60606
312-755-3181
dkoutsoubas@agdglaw.com

Attorney for Defendant Weifang Hengda Kite
Manufacturing Co., Ltd. (d.b.a Hengda Kite)