**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JUNCHENG KAO,<br><br>Plaintiff,<br>v.<br><br>HENGDA KITE,<br><br>Defendant. | Case No. 25-cv-8491<br><br>Hon. Jorge L. Alonso |

**HENGDA KITE MOTION FOR ENTRY OF DEFAULT JUDGMENT**

NOW COMES, Defendant, Weifang Hengda Kite Manufacturing Co., Ltd. (a.k.a. Hengda Kite) ("Defendant"), by and through its below identified attorneys, for entry of default judgment in case 25-cv-8491

Rule 55(a) of the Federal Rules of Civil Procedure states "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

This Court has original subject matter jurisdiction over the patent-related claim pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction). Personal Jurisdiction and venue are proper because Plaintiff chose to litigate the issues of infringement of the patent at issue as it pertains to Defendant in this jurisdiction by filing the above action in this jurisdiction.

Here, Defendant sold products on Amazon. Plaintiff voluntarily chose to file suit in this jurisdiction and venue and asserted a claim of patent infringement against Defendant pursuant to

a First Amended Complaint. Defendant appeared and filed an answer and counterclaim to Plaintiff's First Amended Complaint on June 10, 2026. (Dkt. 62). Through the counterclaim, Defendant sought, among other relief, a declaratory judgment of non-infringement of its accused product with respect to the patent at issue. *Id.* Plaintiff never answered the counterclaim and it never otherwise pleaded. See Court Docket; De Preter Declaration attached hereto. Plaintiff admittedly never filed infringement contentions either in violation of the court's scheduling order (Dkt. 69). See Dkt. 74 at 1; De Preter Declaration at ¶4. The Plaintiff never responded to discovery, and admitted that it did not respond to requests for admission, including the request for admission that the accused product did not infringe. See Dkt. 74 at 1; De Preter Declaration at ¶ 5. The answer deadline has passed and no answer or other responsive pleading has been filed by Jiang. See Fed. R. Civ. P. 12(a)(1)(A).

Accordingly, Plaintiff is in default. Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Defendant now move this Honorable Court for an Order entering default and default judgment finding that each is the prevailing party with respect to their claim for Declaratory Judgment of non-infringement.

Defendants request that this Court enter an order finding that this case is exceptional under 35 U.S.C. §285 and award Defendants their costs and reasonable attorneys' fees. Within the context of § 285 "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 545 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* The Supreme Court explained that there is no

precise rule or formula for making those determinations and noted that district courts should exercise "equitable discretion" in considering a nonexclusive list of factors that could include " 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.' " *Id*. (*quoting Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19 (1994)).

Plaintiff has admitted that the accused products do not infringe. De Preter Declaration ¶5. Plaintiff never had any reasonable basis for bringing this suit. Its failure to participate and has caused Defendant to undertake significant expense in defending its legal rights, and this case is exceptional in view of Plaintiff's failures and admissions.

WHEREFORE this Court should enter default judgement under Fed. R. Civ. P. 55(a) on Defendant's counterclaim for declaratory judgment of non-infringement hold that this is an exceptional case under 35 U.S.C. §285 entitling Defendants to their attorneys' fees, and award any further relief that this Court deems appropriate.

Dated: October 13, 2026

Respectfully submitted,

/s/ *Matthew De Preter*
Matthew De Preter

ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington, St. Suite 2800
Chicago, IL 60606
312-755-3153
cdepreter@agdglaw.com

***One of the Attorneys for Defendants***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on October 13, 2026 which will provide notice to all parties of record.

Respectfully submitted,

By: */s/ Matthew De Preter*
*One of the Attorneys for Defendants*