**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JUNCHENG KAO,<br><br>Plaintiff,<br>v.<br><br>HENGDA KITE,<br><br>Defendant. | Case No. 25-cv-8491<br><br>Hon. Jorge L. Alonso |

**FINAL DEFAULT JUDGMENT ORDER**

Defendant, Weifang Hengda Kite Manufacturing Co., Ltd. (a.k.a. Hengda Kite) (“Defendant”), has come before this Court pursuant to Rule 55 of the Federal Rules of Civil Procedure seeking default judgement against Plaintiff, Juncheng Kao. This Court conducted oral argument on the motion on October 20, 2026. This Court finds the motion well founded. For the reasons stated on the record during the oral argument and as stated herein, it is GRANTED in part and DENIED in part.

Plaintiff brought this action against Hengda Kite based on assertions of infringement of U.S. Design Patent No. D967,279 (“the ‘279 patent”). Plaintiff asserted direct infringement (Count I) and indirect infringement (Count II). This Court has original subject matter jurisdiction over the patent-related claim pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction). Personal jurisdiction and venue are proper because Plaintiff chose to litigate the issues of infringement of the patent at issue as it pertains to Defendant in this jurisdiction by filing the above action in this jurisdiction.

Here, Defendant sold products on Amazon. Defendant appeared and filed an answer and counterclaim to Plaintiff's First Amended Complaint on June 10, 2026. (Dkt. 62). Through the counterclaim, Defendant sought, among other relief, a declaratory judgment of non-infringement of its accused product with respect to the patent at issue. *Id*. Plaintiff did not timely file an answer to the counterclaim nor did it timely otherwise plead. Plaintiff never filed infringement contentions, in violation of the court's scheduling order (Dkt. 69). See Dkt. 74 at 1. Plaintiff never responded to discovery, and admitted that it did not respond to requests for admission, including the request for admission that the accused product did not infringe. Plaintiff confirmed the foregoing during the hearing on the motion.

This Court finds that Plaintiff is in default. Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), entry of default and default judgment against Plaintiff and in favor of Defendant is appropriate. This Court finds that Defendant is the prevailing party with respect to its Counterclaim for Declaratory Judgment of non-infringement, and that Defendant's claims of Declaratory Judgement of invalidity and unenforceability are moot.

Defendant requests that this Court enter an order finding that this case is exceptional under 35 U.S.C. §285 and award Defendant its costs and reasonable attorneys' fees. For the reasons stated on the record during the hearing, the Court declines to exercise its discretion respecting the award of fees in this matter. Therefore, that portion of the motion is DENIED.

IT IS SO ORDERED that this Court GRANTS in Part Defendant's motion and enters Default Judgement against Plaintiff on its claims of infringement and in favor of Defendant on its Declaratory Judgement claim on non-infringement. This Court DENIES in Part Defendant's motion with respect to attorney's fees under 35 U.S.C. § 285. All other issues in this case are moot.

Dated: October 20, 2026

Jorge L. Alonso
United States District Judge